## KALUCKI *v.* AMERICAN CAR & FOUNDRY CO.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—APPEAL FROM COMMITTEE ON ARBITRATION — CONCLUSIVENESS — LIMITATION.

The decision of the committee on arbitration as to a claimant's right to compensation under the workmen's compensation act, filed with the industrial accident board, is final and stands as the decision of the board unless a claim for review is filed with the board in conformity with the provisions of section 5461, 2 Comp. Laws 1915.

2. SAME — APPEAL — LIMITATION — EXCEPTION — "GOOD CAUSE
SHOWN."
Where the claim for review is not filed within the seven
days limited in the statute, the showing justifying the
board in extending the time, under the proviso in said
section, must be such as to present some legal basis recog-
nized as authorizing the exercise of a judicial, or *quasi*
judicial, function or judgment, and the board may not act
arbitrarily without "good cause shown."

3. SAME.
Inability to furnish the money necessary to pay the ex-
penses of such review is not a recognized legal "good
cause shown" for extending the time, especially in view
of the fact that a bare statement in writing of plaintiff's
claim for review, which could be written in two or three
lines, would, if filed with the board within the seven days,
have preserved his right of review under the provisions
of the statute.

4. SAME—LIMITATION OF ACTION.
Where plaintiff suffered an injury to his eye while in de-
fendant's employ, and after treatment by its physician he
continued at work, although the injury continued and
finally resulted in the loss of the eye, and no claim for
compensation under the workmen's compensation act was
made until more than six months after the date of the
accident, an award of compensation was barred by the
provisions of the statute (section 5445, 2 Comp. Laws
1915). *Cooke* v. *Holland Furnace Co., ante,* 192.

Certiorari to Industrial Accident Board. Submitted
January 10, 1918. (Docket No. 36.) Decided March
27, 1918.

Joseph Kalucki presented his claim for compensa-
tion against the American Car & Foundry Company
for injuries received in defendant's employ. From an
order awarding compensation, defendant brings cer-
tiorari. Reversed.

*Alexander, Cotter & MacCord* (*G. A. Orth,* of coun-
sel), for appellant.

*Leopold A. Koscinski* (*Charles Bowles*, of counsel), for appellee.

STEERE, J. On July 29, 1914, while in defendant's employ as a car repairer, plaintiff struck with his hammer a highly tempered piece of steel from which a small piece, or pieces, broke off and flew into his left eye. He went to the "shop doctor" who cared for and bandaged the eye, directing him to go down town to the company's doctor for further treatment. He visited Dr. Palmerlee, the company's physician, to have his eye treated two or three times and then ceased going. He testified he thought he went three times. Dr. Palmerlee kept a record of the services rendered and testified that he treated plaintiff's eye but twice, the first time on July 31 and again on August 1, 1914; that he removed a small particle of steel from the eye on the first treatment, finding nothing to indicate anything else in the eye; that most any inflammation in the eye from a foreign substance would require more than two treatments and after the second plaintiff was told to come back for further observation but failed to do so. Plaintiff denied being told to return but admitted that when he left his eye was bandaged and that he later took the bandage off himself.

From the time of the accident plaintiff continued at his regular work without asking for further medical attention or notifying defendant of any trouble with his eye until about the first of October, 1914, when he and most of the other men in his department were laid off because of lack of work.

Defendant heard nothing further of him until the 9th day of June, 1915, when he served upon it notice of a claim under the workmen's compensation law for the loss of his eye, accidentally injured while in defendant's employ, on July 29, 1914, stating that said

"injury gradually caused total blindness on about March 20, 1915."

Liability being denied, on September 9, 1915, plaintiff filed with the industrial accident board his claim and application for compensation based on the accident which occurred July 29, 1914. Pursuant to provisions of the workmen's compensation act a hearing was had before a committee of arbitration which, on October 14, 1915, determined that he could not be awarded compensation because his claim therefor was not made within six months after the date of the injury as required by the act he invoked which provides (section 15, part 2, Act No. 10, Extra Session 1912, 2 Comp. Laws 1915, § 5445):

"No proceedings for compensation for an injury under this act shall be maintained, unless a notice of the injury shall have been given to the employer three months after the happening thereof, and unless the claim for compensation with respect to such injury shall have been made within six months after the occurrence of the same."

Plaintiff was represented by counsel at this hearing and advised "then and there" of his right to appeal and claim review of this decision before the industrial accident board, but no claim for review was filed within the seven days' limitation fixed by statute (2 Comp. Laws 1915, § 5461).

On, or some time after, November 3, 1915, plaintiff made application to the industrial accident board for extension of time in which to file a claim for review under the proviso of section 8, part 3 of the compensation act (2 Comp. Laws 1915, § 5461) "that said industrial accident board may, for sufficient cause shown, grant further time in which to claim such review." The record is hazy as to certain parts of this proceeding. An affidavit by plaintiff's counsel, dated November 3, 1915, asking for extension of time to

November 6th, appears in the record with no indication as to when it was filed. A verified petition by plaintiff asking for extension of time, sworn to on January 10, 1916, follows this with no indication of when it was filed. The record next shows a motion by defendant's counsel, without date or mark of filing, asking that plaintiff's application for extension of time be dismissed for various stated reasons. There also appears in the record what is entitled an "application for review of claim before the full board," signed by plaintiff (by his counsel) and dated February 8, 1916, with no indication of when it was filed. On February 3, 1916, an order was entered by the board reciting that an application for extension of time had been filed by plaintiff and, parties having been heard, the application was granted extending the time for seven days from that date. The only claimed "sufficient cause shown" was lack of funds to "cover the expenses of transcript of record and other expenses incidental to such proceeding." Upon that proposition the affidavit of plaintiff's counsel of November 3d shows that on October 20, 1915, within the seven days, plaintiff notified his counsel that he would succeed in raising the necessary amount and on the 28th of October, 1915, counsel wrote the industrial accident board asking 'for blanks "of application of review of claim before the full board," which he received on the first of November, 1915, and immediately thereafter he "prepared his reasons for the application for review as aforesaid." It may be noted in passing that a bare statement in writing of plaintiff's claim for review which could be written in two or three lines, would if filed with the board within the seven days have preserved right of review under the provision of the statute.

On rehearing before the industrial accident board the decision made by the committee on arbitration

was reversed and an award made of full statutory compensation for the loss of an eye on the theory, as appears by the opinion of said board filed in the case, that the accident and injury were not contemporaneous and the six months' statute of limitation providing for time in which to make claim for compensation began to run from the time plaintiff discovered the loss of his eye, which he testified was about March 15, 1915.

The legal propositions presented by defendant against the decision of the accident board are that no notice of the injury was given it within three months after the accident from which it resulted, nor claim of compensation made therefor within six months, and that the board erred in allowing plaintiff's petition for extension of time in which to file a claim for review of the decision of the committee on arbitration.

It is said in behalf of plaintiff that the injury for which he seeks compensation, the loss of an eye, was of such gradual development that knowledge of it ought not to be imputed to him nor its occurrence timed against him until he learned the fact by consulting a physician in March, 1915. But according to his own testimony he knew from the time he left the office of defendant's physician, shortly after the accident, with his injured eye bandaged and did not return, that it had not recovered from the accidental injury in reference to which he had gone to the shop doctor, and yet he did not thereafter apply for the treatment to which he knew he was entitled nor notify defendant of any trouble with his eye. He removed the bandage himself and continued to work as usual until he was laid off with the rest in October, less than three months after the accident, and he states that his eye bothered him right along during all that time, hurt when he perspired and occasionally became inflamed, that after the company's doctor got through

200—Mich.—39.

with it he could only see "like through a mist" and he did no work after he quit defendant's employ "because of the eye. I was afraid it might spoil my eyes."

The statute which plaintiff invokes fixes the time and manner in which he must proceed to establish his right to an award. After a committee on arbitration had passed upon his claim for compensation and filed its decision with the industrial accident board, it was final and stood as the decision of the board unless within the seven days thereafter given by the act he, considering himself aggrieved, filed a claim for review; except, that under the proviso it was permissible, upon a legal showing that the delay was without fault imputable to him or his attorney and excused by circumstances beyond his control, for the board to extend the time in which to file such claim. In the absence of such showing justifying the delay the board had no arbitrary power to act in the matter and the seven days' limit fixed by the statute is conclusive. The showing must be such as to present some legal basis recognized as authorizing the exercise of a judicial, or *quasi* judicial, function or judgment, in administration of the law. The only claimed excuse here is temporary lack of money to pay the expenses of the desired review. Plaintiff had counsel in the matter who advised him of his right to review. Inability to furnish the funds which counsel may advise a litigant is necessary for an appeal is not recognized as a legal excuse for failure to take the proper steps for that purpose within the time prescribed by law; and if it were, plaintiff notified his counsel within the prescribed time, on October 20th, that he "will succeed in raising the necessary amount," and a week later his attorney sent for some blanks and the following month made application for extension of time. In administration of the law this is not a recognized legal "good

cause shown" for extending the time limit fixed by statute for taking steps to review a decision on appeal.

These facts stand undisputed, as testified to by plaintiff or admitted. The accident upon which he bases his claim occurred July 29, 1914; it resulted in an immediate injury of his eye, to a degree which led him to temporarily suspend work and consult the shop doctor who dressed it and told him to go to the company's physician for treatment; his vision was thereafter impaired and his eye continued to bother him, becoming at times painful and inflamed, until he quit defendant's employ in October, 1914, and thereafter it was in such condition that he was not able to work or refrained from so doing because of fear of losing his vision. Yet he gave no notice to defendant of that which he says he knew as to the developing results of his accidental injury while in its employ and made no claim for compensation until June 9, 1915.

The six months' limitation of time fixed by this act for claiming compensation under it is plainly expressed with no qualification and no latitude given, by proviso or otherwise, to the board administering it for extension of time. Upon that proposition the undisputed facts of this case bring it squarely within the recent decision of this court in *Cooke* v. *Furnace Co., ante,* 192, wherein the subject is fully discussed by Justice FELLOWS with review of authorities.

For the foregoing reasons the order of award made by the industrial accident board herein is reversed.

OSTRANDER, C. J., and BIRD, MOORE, FELLOWS, STONE, and KUHN, JJ., concurred. BROOKE, J., did not sit.