BEAUDRY *v.* BURROUGHS ADDING MACHINE CO.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—APPEAL
   MUST BE TAKEN WITHIN 10 DAYS.

   Where an appeal from the award of the deputy commissioner under the workmen's compensation law was not made within ten days, as required by Comp. Laws Supp. 1922, § 5461, and the time was not extended, the department of labor and industry had no appeal before it, and its modification of the award was therefore a nullity.

2. SAME—AWARD OF DEPUTY REMAINS IN FORCE WHERE ATTEMPTED
   APPEAL NOT MADE IN TIME.

   Where the award of the department is set aside because the appeal was not made in time, the award of the deputy, from which appeal was attempted, remains in force.

   SHARPE, C. J., and BIRD and CLARK, JJ., dissenting.

Certiorari to Department of Labor and Industry. Submitted April 7, 1927. (Docket No. 49.) Decided June 24, 1927.

William Beaudry presented his claim for compensation against the Burroughs Adding Machine Company for an accidental injury in defendant's employ. From an order awarding compensation, defendant brings certiorari. Reversed, and order vacated.

*Stevenson, Butzel, Eaman & Long* (*Charles A. Wagner*, of counsel), for appellant.

WIEST, J. In February, 1920, plaintiff, in defendant's employ, cut the second finger of his right hand. The accident was reported, compensation agreement made, approved, and performed. In April, 1920, plaintiff returned to his work, executed settlement

[1]Workmen's Compensation Acts; C. J. § 122a (Anno); [2]Id., C. J. § 122a (Anno).

receipt, final report was made and the case closed. Later the finger drew toward the palm of the hand, and plaintiff lost about one-half of its efficiency. To remedy this a correctional operation was had, and this rendered the finger about 75 per cent. efficient. In August, 1925, plaintiff had the finger amputated and wanted defendant* to pay the surgeon's bill. Defendant denied liability, but gave plaintiff $110 from its welfare fund. In September, 1925, plaintiff petitioned for compensation for loss of the finger, claiming amputation was necessary because the finger started to draw toward the palm again and interfered with the use of the hand. Defendant contested. Testimony was taken, and a hearing concluded with the following agreement:

"It is stipulated and agreed by and between the applicant and counsel for respondent in the above entitled matter, that the respondent assumes liability for the payment of the loss of the second finger of the right hand.

"It is further stipulated that the amount of compensation paid under the terms of the agreement on file being $92.17 may be deducted from the specific injury compensation for the loss of a finger.

"It is further stipulated that the amount of $110 given said applicant by said respondent for the purpose of defraying expenses of corrective operations may also be deducted or taken off of the last payment falling due, leaving a balance of $217.83, which will be received at the rate of $14 a week from August 12, 1925."

An award was made in accord with the stipulation and filed October 15, 1925. Plaintiff filed a claim of appeal on October 27, 1925, setting up therein:

"That the findings of the deputy commissioner of the department of labor and industry is based upon a certain agreement between William Beaudry, applicant, and Burroughs Adding Machine Company, respondent, and that this agreement was consented to by the applicant because the items of said agreement

were not understood by the said applicant in the sense that they were understood by the deputy commissioner of the department of labor and industry."

On appeal the award was modified by eliminating stipulated credits to defendant. By certiorari defendant raises several points of law, only one of which need be considered. Plaintiff's appeal was not made within ten days, as required by statute; neither was time extended (Comp. Laws Supp. 1922, § 5461). The board had no appeal before it for consideration, and its modification of the award was a nullity. See *Brunette* v. *Quincy Mining Co.*, 197 Mich. 301; *Kalucki* v. *American Car & Foundry Co.*, 200 Mich. 604; *Detroit United Ry.* v. *Department of Labor & Industry,* 231 Mich. 539.

The award by the board is set aside. This leaves the award by the deputy commissioner in force. Defendant will recover costs.

SNOW, STEERE, FELLOWS, and MCDONALD, JJ., concurred with WIEST, J.

SHARPE, C. J. (*dissenting*). In its return to the writ of certiorari the commission states that the failure of plaintiff to file his appeal within the ten days fixed by the statute therefor was not raised at the hearing. It does appear that defendant was there represented by an attorney and took part in the proceedings. Such action should, I think, be said to have the same effect as the entry of a general appearance on an appeal from probate or justice's court. In *Goodin* v. *Van Haaften*, 130 Mich. 386, the defendant appealed from a judgment rendered by a justice of the peace. The appeal was not taken within the time limited therefor. Plaintiff entered a general appearance in the circuit court and served notice of trial and note of issue. She afterwards moved to dismiss the appeal because not perfected in time. The court said:

"The general appearance and notice of trial operated as a waiver of the failure to file the bond and affidavit within the time required by the statute, and gave the circuit court jurisdiction of the case."

In my opinion we should apply this rule to the appeal in question. The claim therefor was filed a few days after the time fixed by the statute had elapsed. The board, however, had the power, upon a proper showing, to then extend the time. By its appearance and participation in the hearing, and its omission to raise the question, the defendant precluded the plaintiff from asking for additional time in which to file it. It would, I think, be manifestly unfair to permit this defendant to treat the appeal as properly before the commission and take chances of a favorable decision on the merits, and, if unsuccessful, to ask a reversal in this court on the ground that the commission was without jurisdiction to hear it.

In *Portage Lake, etc., Canal Co.* v. *Haas,* 20 Mich. 326, it was said (syllabus):

"When an appeal is not taken within the time fixed by statute, and there is not provision for enlarging the time, the court has no jurisdiction to hear it."    *    *    *

The other question presented is one of fact, and I think there was proof to warrant the finding of the commission.

The award should be affirmed.

BIRD and CLARK, JJ., concurred with SHARPE, C. J.