## FEY v. NASHVILLE GAS & HEATING CO.

Middle Section.  April 1, 1933.

Petition for Certiorari denied by Supreme Court, June 24, 1933.

Herman T. Millerlie and William S. Noble, both of Nashville, for plaintiff in error.

Price, Schlater & Price, of Nashville, for defendant in error.

CROWNOVER, J. This was an action for damages for personal injuries caused by a particle of flying metal which struck plaintiff in the eye as a result of defendant's employees cutting in the street a cast-iron pipe by striking a chisel with a sledge-hammer.

It was averred in the declaration that the cutting of said pipe without guards or screens unduly exposed pedestrians and passers-by to danger from flying particles of metal, and therefore the defendant was guilty of negligence in not safegarding and protecting the public against such flying metal.

Defendant pleaded not guilty.

The case was tried to the judge and a jury. At the close of the testimony of plaintiff, Fey, the court of his own motion directed a verdict for defendant on the ground that defendant was required to exercise only ordinary care and was exercising same. The jury accordingly returned a verdict for defendant, and judgment was entered.

Motion for a new trial having been overruled, plaintiff has appealed in error to this court, assigning as error the court's action in directing a verdict for defendant.

H. B. Fey, a huckster and peddler, was, on March 12, 1931, driving his wagon along Pearl street, in the city of Nashville. The defendant was engaged in laying gas pipes in the street. Near the intersection of Twelfth Avenue two employees of the gas company were cutting off the end of a cast-iron pipe. The pipe was lying in the street on a pile of dirt which had been excavated from the trench for the pipe. One man held a chisel against the pipe and another was striking the chisel with a sledge-hammer. As Fey was driving by he was struck in the eye by some flying particle which seriously injured his eye. He went to the hospital, and the particle was taken from his eye, and found to be a small sliver of iron.

It was necessary for him to go to the hospital for treatment for his eye for five or six weeks, and he suffered much pain. His medical expenses were $50. He was unable to attend to his business for two months. His eye-sight is impaired.

We are of the opinion that the court erred in directing a verdict for the defendant, as the question of negligence should have been submitted to the jury. The fact that one has a license to interfere with a highway or a street only relieves him from the imputation of creating a public nuisance, but no license will relieve him from the consequences of carelessness or negligence. It is an implied condition of every such license that the licensee will use ordinary care in prosecuting his work, and diligence in completing it. 2 Shearman & Redfield on Negligence (6 Ed.), section 359.

The plaintiff and the public have a right to use the street and have as much right to be in the street as the defendant. If the defendant is licensed to work in the street or to put down its pipes in the street, it must do so with due regard to the safety of the public, and it must exercise ordinary care to protect the public and people who might be in the street against dangers incident to such work.

"The owner of a mill in which iron or steel is being chiseled, chipped, or cut, is bound to exercise reasonable care and to supply reasonable devices to prevent his servants from being injured by flying chips, splinters, or fragments of the metal; and where the exercise of reasonable care demands such a precaution, he is bound to adopt some system, or make and enforce reasonable rules, devised for the prevention of accidents of this nature, and his negligence in this particular will generally be a question for a jury." 4 Thompson on Negligence (2 Ed.), section 3969 and authorities cited; Gorrey v. W. F. Hurd Co., 177 Mich., 116, 143 N. W., 6; McMyler Mfg. Co. v. Mehnke (C. C. A.), 209 F., 5, 4 N. C. C. A., 685; Fleckenstein v. Great Atlantic & Pacific Tea Co., 91 N. J. Law, 145,

102 A., 700, L. R. A. 1918C, 179, 17 N. C. C. A., 439; Chesapeake & Ohio Railway Company v. Kuhn, 284 U. S., 44, 52 S. Ct., 45, 76 L. Ed., 157; Kalucki v. American Car & Fdy. Co., 200 Mich., 604, 166 N. W., 1011, 17 N. C. C. A., 162 n.; Newcastle Foundry Co. v. Lysher, 68 Ind. App., 509, 120 N. E., 713, 17 N. C. C. A., 792 n.; Vandalia Coal Co. v. Holtz, 68 Ind. App., 670, 120 N. E., 386, 17 N. C. C. A., 89.

"The general rule with regard to the duty which a landowner owes to persons coming upon his premises is that where the entry is made by his invitation, either express or implied, he is required to use reasonable care to have his premises in a safe condition; but that where the entry is made merely by his permission . . . the landowner is under no obligation to keep his premises in a non-hazardous state; his only duty to a licensee or a trespasser is to abstain from acts willfully injurious. And this rule has been frequently enforced by the courts of this state. Phillips v. Library Co., 26 Vroom [55 N. J. Law], 307, 27 A., 478 [16 Am. Neg. Cas., 701]; Mathews v. Bensel, 22 Vroom [51 N. J. Law], 30, 16 A., 195; Vanderbeck v. Hendry, 5 Vroom [34 N. J. Law], 467 [16 Am. Neg Cas., 665]; Fitzpatrick v. Glass Mfg. Co., 61 N. J. Law, 378, 39 A., 675 [4 Am. Neg. Rep., 193]; Turess v. New York, Susquehanna & Western R. R. Co., 61 N. J. Law, 314, 40 A., 614, supra." Fleckenstein v. Great Atlantic & P. Tea Co., supra.

The principles applicable to negligence with respect to master and servant are the same as in this case, except that ordinarily the servant assumed the risk incident to such work, whereas in this case the doctrine of the assumption of the risk does not apply, as the plaintiff had as much right to be in the street as the defendant.

The defendant in laying its pipe must use ordinary care, which means care commensurate with the danger incident to the operation. Read Phosphate Co. v. Vickers, 11 Tenn. App., 146.

But it is insisted that the court was correct in directing a verdict for the reason that the plaintiff was guilty of contributory negligence which barred a recovery. It is insisted that the plaintiff had had experience as a moulder in a foundry and was an experienced cutter and knew the character of metal so manufactured; that having this experience he saw what the defendant's employees were doing and deliberately drove down the street nearby, looking in that direction, and was therefore guilty of contributory negligence which barred his recovery.

We cannot assent to this proposition for the reason that there was no proof of these things, although the plaintiff's counsel had stated that he proposed to prove these things. He did not actually prove it, nor did he introduce affidavits showing the extent of the plaintiff's knowledge, or whether he appreciated the danger. It is incumbent upon the party proposing to prove matters material to the issue to introduce the witnesses and show what he would

prove by them, or, if the court will not let him do so, he can show it by affidavits of the parties themselves on motion for new trial which shall be preserved in the bill of exceptions, so that the court may see that the admission of such evidence would probably have changed the result. Hood v. Grooms, 4 Tenn. App., 515.

But had the plaintiff proved the things he stated that he proposed to prove, still the plaintiff had a right to assume that the defendants would do the act with due care, and he is not bound to anticipate negligence in the absence of notice or knowledge to the contrary. 1 Shearman & Redfield on Negligence (6 Ed.), section 92; Sundock v. Pittman, 165 Tenn., 17, 52 S. W. (2d), 155; 3 Cooley on Torts (4 Ed.), 530; Wilson v. Mullen, 11 Tenn. App., 326.

Under the circumstances we think that the question of contributory negligence was for the jury after hearing the evidence. 2 Shearman & Redfield on Negligence (6 Ed.), section 375.

The fact that a traveler is familiar with the street and knows of the existence of a defect therein, or is apprised of danger there, imposes upon him the duty of exercising ordinary care in passing over or by it than if it did not exist. But it does not per se establish negligence on his part unless the danger is so apparent that people of ordinary intelligence could see and appreciate it. But if persons of ordinary prudence would not have appreciated the danger and would have attempted the passage in the mode adopted by the plaintiff, he can recover, and the case should be submitted to the jury. 2 Shearman & Redfield on Negligence (6 Ed.), section 376.

It results that the assignments of errors must be sustained and the judgment of the lower court reversed and the cause remanded to the circuit court of Davidson county for a new trial. The cost of the appeal is adjudged against the defendant gas company, but the cost that accrued in the lower court will await the final determination of the case.

Faw, P. J., and DeWitt, J., concur.