CURLEY v. BERYLLIUM DEVELOPMENT CORP.

1. WORKMEN'S COMPENSATION — DELAYED APPEAL — DISCRETION OF DEPARTMENT.

Discretion vested by statute in department of labor and industry in matter of granting a delayed appeal from decision of deputy commissioner may not be interfered with by Supreme Court on mandamus to compel granting such delayed appeal in absence of finding of an abuse of such discretion (2 Comp. Laws 1929, § 8447).

2. SAME—DELAYED APPEAL FROM DEPUTY COMMISSIONER.

  Claim for review of deputy commissioner's decision before department of labor and industry on delayed appeal must be such as to present some legal basis recognized as authorizing the exercise of a judicial or *quasi*-judicial function or judgment in the administration of the law (2 Comp. Laws 1929, § 8447).

3. SAME—DELAYED APPEAL—ABUSE OF DISCRETION.

  Denial of petition for delayed appeal from decision of deputy commissioner because petitioner had not been represented at hearing by an attorney and was ignorant of law requiring appeal to department, as a matter of right, to be filed within 10 days *held*, not an abuse of discretion on part of department notwithstanding denial of relief in court action since deputy's decision (2 Comp. Laws 1929, § 8447).

Mandamus by Clarence V. Curley to compel Department of Labor and Industry to grant him a delayed appeal to review decision of a deputy commissioner. Submitted July 22, 1937. (Calendar No. 39,454.) Writ denied October 4, 1937.

*Clark C. Coulter,* for plaintiff.

*Frederick J. Ward,* for defendants.

WIEST, J. Plaintiff seeks our writ of mandamus, directing the department of labor and industry to grant him a delayed review of the holding of a deputy commissioner denying him compensation on the 7th day of April, 1932. July 7, 1932, plaintiff filed with the department claim of review and set up, as grounds for the delay, that he had no attorney at the hearing and was not cognizant of the rules of the department requiring an appeal within a limited time, and petitioned for extension of time within which to claim review. He also set up the usual grounds for an appeal.

The time within which to appeal is fixed by statute and not by rules of the department. The statute, 2 Comp. Laws 1929, § 8447, provides:

"Unless a claim for a review is filed by either party within 10 days, the decision shall stand as the decision of the industrial accident board: * Provided, That said industrial accident board * may, for sufficient cause shown, grant further time in which to claim such review."

His application was considered by the department and the following ruling made:

"The reason set forth in the petition is that the plaintiff: 'was not cognizant of the rules of the department requiring an appeal within a limited time.'
"It is not a rule of the department. It is a rule of law. It is a maxim of the law that 'ignorance excuses no one.' We cannot grant an extension of time in which to appeal and thus nullify the provisions of the statute on the allegation that the appealing party did not know that such was the provision of the law. If that were a justifiable reason, then the provisions of the statute could be easily set aside and made a nullity, as such allegation might very easily be alleged in any case."

Under the statute the question of granting the delayed application for review was addressed to the discretion of the department, and we are not permitted to substitute our discretion for that of the department and thereby compel the department to exercise and enforce our discretion.

The department exercised the discretion vested by statute and gave reason for denial of the application, and the sufficiency of the excuse for failure

---

* The powers and duties of the industrial accident board have been transferred to the department of labor and industry and the board abolished. See 2 Comp. Laws 1929, § 8312.—REPORTER.

to act within the statutory period was addressed to the department and cannot come before us for consideration in the absence of a finding of an abuse of discretion. This is a mandamus proceeding and not a hearing *de novo.* Much of interest on the general subject of the power of this court in mandamus proceedings, involving review of exercised discretion, may be found in *Detroit Tug & Wrecking Co.* v. *Wayne Circuit Judge,* 75 Mich. 360.

The department recognized the power, in case of good and sufficient grounds, to exercise discretion and cited *Brunette* v. *Quincy Mining Co.,* 197 Mich. 301 (16 N.. C. C. A. 743); *Collins* v. *Albert A. Albrecht Co.,* 207 Mich. 627; *Beaudry* v. *Burroughs Adding Machine Co.,* 239 Mich. 410.

The question here is whether the department abused its discretion in denying the delayed appeal.

In *Kalucki* v. *American Car & Foundry Co.,* 200 Mich. 604, it was held that:

"The showing must be such as to present some legal basis recognized as authorizing the exercise of a judicial, or *quasi*-judicial, function or judgment, in administration of the law."

In *Brunette* v. *Quincy Mining Co., supra,* 307, it was said:

"Extension of time on application and showing is plainly made by statute a matter of discretion with the board, which this court may not interfere with unless a palpable abuse of such discretion becomes manifest."

Following the denial of the review in July, 1932, and on October 2, 1934, plaintiff commenced an action at law against defendant company in the circuit court for the county of St. Clair, where a trial was had and judgment entered for defendant by direc-

tion of the court. Plaintiff took an appeal to this court and, on December 8, 1936, we affirmed that judgment. *Curley* v. *Beryllium Corp.*, 278 Mich. 23, holding that plaintiff's remedy, if any, was under the provisions of the workmen's compensation act.

Thereupon, on January 13, 1937, plaintiff filed an application with this court for a delayed appeal from the order of the department of labor and industry, made in 1932.

It would have been an abuse of discretion on the part of the department had recognition been given to the reason alleged. Ignorance of the statutory provision was no good reason for plaintiff not exercising earlier concern relative to right of review. He acted as his own counsel and his ignorance of the law cannot be employed as the basis for a finding of an abuse of discretion on the part of the department in denying the delayed review.

The writ is denied, with costs.

FEAD, C. J., and NORTH, BUTZEL, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.