ELI BELL, Appellant, v. LOUIS CHAWKINS, et ux.,
Appellees, (two cases).

IDA P. BELL, Appellant, v. LOUIS CHAWKINS, et ux.,
Appellees. Nos. 284, 285.
—460 S.W.2d 850.

Eastern Section. March 25, 1970.

Certiorari Denied by Supreme Court November 16, 1970.

Roberts, Weill, Ellis & Weems, Chattanooga, for appellants.

Bishop, Thomas, Leitner, Mann & Milburn, Chattanooga, for appellees.

PARROTT, J. Mrs. Ida P. Bell instituted this suit seeking recovery of damages for personal injuries allegedly sustained when defendants, Mr. and Mrs. Louis Chawkins' dog bit plaintiff on the leg while she was riding a bicycle on the public street in front of defendants' residence. Eli Bell, husband of plaintiff, by separate companion suit sues for expenses and loss of services.

Plaintiffs have appealed from verdicts and judgments in favor of defendants.

Among the several assignments of error is included the insistence the circuit judge erred by charging the jury as follows:

"\* \* \* the defendants would be liable unless you found under the facts that Ida Bell assumed the risk. Now if she knew that this was a dangerous and vicious dog and exposed herself to an unreasonable risk, then she cannot recover because under the law, they have said that she assumed the risk."

We agree that under the facts of the instant case the above portion of the charge must be considered as prejudicial error requiring a new trial.

Briefly the facts show: Plaintiffs and defendants reside in the same subdivision. Their properties front on parallel streets within close proximity of each other.

Defendants were the owners of a small to medium [14 inch] long-haired "collie-type" female dog. It is undisputed that in the daytime defendants' dog had more or less free range of the neighborhood. Defendants admit the dog had the habit of chasing bicycles, motorcycles and cars.

On November 4, 1968, at about 3:30 p.m., plaintiff was riding her bicycle on Vanoy Drive in front of or near the defendants' home when the dog suddenly left defendants' yard, entered the street and bit plaintiff on the calf of the right leg.

The evidence is sharply disputed as to the vicious propensities of the dog. Some witnesses described the dog as being a docile neighborhood pet; others complain that on previous occasions the dog has chased them or attempted to bite.

Plaintiff, Eli Bell, admits that on occasions prior to the dog's biting his wife, he had attempted to run over it with a motorcycle and complained to defendants about the dog's being on his premises and "messing up" his shrubbery and eating food that had been put out for plaintiffs' dog. There is no evidence that Mrs. Bell on any prior occasion or until this occasion had had any encounter with the dog. Neither is it proven Mrs. Bell at any time ever harassed or attempted to entice the dog into the street.

 Under the proof in this case we are of the opinion a charge of assumption of risk was unwarranted because plaintiff has a legal right to ride her bicycle on the public street as long as she did so in a lawful and reasonable manner. The law does not require a person to surrender the lawful exercise of a valuable right [use of a public street] or assume the risk of injury merely because someone else's conduct or failure to exercise due care threatens harm. Plaintiff is required to assume all obvious risks ordinarily incident to riding a bicycle on the public streets but she does not forfeit her right to exact from the defendant the duty to exercise ordinary care.

In Fey v. Nashville Gas & Heating Co., 16 Tenn. App. 234, 237, 64 S.W.2d 61, 63, this Court said:

"The principles applicable to negligence with respect to master and servant is the same as in this case, except that ordinarily the servant assumed the risk incident to such work, whereas in this case the doctrine of the assumption of the risk does not apply, as the plaintiff had as much right to be in the street as defendant."

Under T.C.A. 44-1408 defendant's unaccompanied dog had no right to be in the street. To the contrary plaintiff had every right to travel on the street in front of defendant's home. So, we think the principle announced by Fey v. Nashville Gas & Heating Co., supra, must be applied with great force to this case.

The facts of the instant case are easily distinguishable from our recent case of Hood v. Waldrum, 58 Tenn.App. 512, 434 S.W.2d 94, cited and relied upon by defendants in which a charge of assumption of risk was held to be proper. In that case plaintiff was a door to door salesman. She had been warned by a neighbor of the defendant's "bad dog"; also on the day of the injury and previous occasions plaintiff had seen the signs, "Bad Dog," posted on defendant's property. Nevertheless, plaintiff proceeded without express invitation onto the defendant's property where the dog allegedly knocked her down causing injury.

In the instant case there is some evidence from which it could be concluded plaintiff had knowledge of the dog's characteristics but there is no evidence plaintiff voluntarily entered defendant's property or attempted to leave the public street. Neither is there any evidence Mrs. Bell negligently rode her bicycle or did anything imprudently. We see absolutely no similarity or applicability of the Hood case to the instant case.

For the reasons given, the judgment as entered is reversed, the cause remanded for a new trial with the costs incident to this appeal taxed to appellees. The costs of the lower court will abide the outcome of the result of the second trial and the discretion of the trial judge.

McAmis, P. J., and Cooper, J., concur.