# STATE OF MICHIGAN

# COURT OF APPEALS

SYLVIA BRUBAKER,

Claimant-Appellee,

v

SODEXO MANAGEMENT, INC.,

Respondent,

and

DEPARTMENT OF TALENT AND ECONOMIC
DEVELOPMENT/UNEMPLOYMENT
INSURANCE AGENCY,

Appellant.

UNPUBLISHED
May 17, 2018

No. 337060
Lenawee Circuit Court
LC No. 16-005662-AE

Before: BORRELLO, P.J., and SAWYER and JANSEN, JJ.

PER CURIAM.

In this action involving unemployment benefits under the Michigan Employment Security Act (MESA), MCL 421.1 *et seq.*, the Unemployment Insurance Agency (UIA) appeals by leave granted[1] the circuit court's order reversing an order of the Michigan Compensation Appellate Commission (MCAC) and concluding that claimant was eligible for unemployment benefits. For the reasons set forth in this opinion, we reverse the circuit court's order and remand this matter with instructions to the circuit court to enter an order affirming the decision of the MCAC.

## I. BACKGROUND

Claimant worked at Adrian College as an employee of Sodexo Management, Inc., (Sodexo), which provided food service for the college. She was a display cook, and she also

---

[1] *Brubaker v Sodexo Mgt, Inc*, unpublished order of the Court of Appeals, entered May 25, 2017 (Docket No. 337060).

worked in catering. As of 2015, claimant had worked for Sodexo for 10½ years. According to claimant, she worked 40 hours per week during the school year, but she worked approximately 10 to 15 hours per week during the summer. During the summer, claimant and the other Sodexo employees were required to sign up for work shifts each week to accommodate various groups that visited Adrian College for camps during the summer. Work hours were then awarded based on seniority. The weekly schedule was posted on Thursday or Friday each week for the following week, and claimant was required to check the schedule each week. Claimant was ranked 18th in terms of seniority among her coworkers. The number of hours that claimant was assigned to work each week during the summer fluctuated with the number of people using the facilities each week for camps.

The instant case involves claimant's claim for unemployment benefits during the summer of 2015. Claimant received a letter from Sodexo, dated April 24, 2015, indicating that she would be laid off beginning on May 4, 2015. The letter stated in pertinent part as follows:

> While Sodexo at Adrian College will be open during the summer months and will continue to provide dining and catering services to its customers at Adrian College, it will, however, have a reduced level of operations. Therefore, you will be placed on a lay-off beginning on May 4th, 2015. During the course of the summer, based on operating needs, you may be recalled to work. If so, you will be expected to report for work when scheduled.

> The general employee meeting prior to the beginning of the fall semester is scheduled on Friday July 17th, 2015. You will be required to attend this meeting.

Claimant worked reduced hours from May 4, 2015, until approximately July 26, 2015, when she returned to full-time work. During the time period when claimant's hours were reduced, she worked at least some hours during most of those weeks. As in previous summers, claimant also filed for unemployment benefits during the summer of 2015 due to her reduced hours.

The UIA subsequently sent claimant a letter dated September 4, 2015, indicating that there was a question of claimant's eligibility for benefits. In the letter, claimant was asked if she was actively seeking work for the week ending May 23, 2015, and claimant was informed that she needed to provide a completed work search form. Claimant responded to the letter by indicating that she was not required to provide work search forms because she was never informed that she was required to complete work search forms.

The UIA issued a notice of determination to claimant dated September 21, 2015, stating in pertinent part as follows:

> You failed to submit proof of work search from May 17, 2015 through May 23, 2015.

> Based on available information, you do not meet the seeking work requirements of the MES Act.

-2-

You are ineligible for benefits under MES Act, Sec. 28(6). Your weekly benefits are not payable from May 17, 2015 through May 23, 2015. You will not receive benefit payments during this period.

The UIA also issued another notice of determination to claimant dated September 21, 2015, containing the same language and conclusion with respect to the period from June 28, 2015 through July 4, 2015.

Claimant protested the UIA's determinations that she was ineligible for benefits. In addition to arguing that she was not required to provide work search forms because she did not know about this requirement, claimant also argued that the work search form requirement was waived because either her layoff was short term with a definite return to work date of less than 15 days from her first day of scheduled unemployment, or her layoff was a temporary one of less than 45 days.

Subsequently, the UIA issued notices of redetermination to claimant dated September 29, 2015. One notice of redetermination addressed the period from May 17, 2015 through May 23, 2015, and one addressed the period from June 28, 2015 through July 4, 2015. The redetermination notices affirmed the previous determinations on the ground that there had been no new or additional evidence submitted to warrant reversal.

Claimant appealed the redeterminations and sought a hearing before an administrative law judge (ALJ); she reiterated her previous arguments that she did not know about the work search form requirement and that this requirement was waived nonetheless. A hearing was held before the ALJ on November 9, 2015. At the hearing, claimant testified that she was looking for work during the summer. Claimant explained:

> I went to a number of different places and I told them, you know, my situation, that I was looking for, you know, a job that I needed to do and I also have my other job that I'm required to sign up for work and am required to be at my first job if I'm called, so then they—they said well then, you know, we cannot use you because we need to have you here, you know, if you're going to sign up for this job. So they turned me down because of that.

Claimant testified that she could provide the names of the employers that she contacted, although she did not give the names of any specific employers during the hearing. Claimant further testified that none of these employers offered her work because of the scheduling situation she had with Sodexo over the summer. Additionally, claimant testified that she was never told to submit any waiver for the work search form requirement in the past in order to collect benefits during the summer. According to claimant, during previous summers when she collected unemployment benefits, she was never required to submit a work search form or provide a list of employers that she contacted while searching for work. Claimant testified that she was aware that she should look for work during the time when her hours at Sodexo were reduced, but she was not aware of the requirement to send in a form for her work search.

The ALJ issued a written decision, reversing the September 29, 2015 redetermination. The ALJ concluded that claimant was not ineligible for unemployment benefits under the seeking work provision of the MESA, reasoning as follows:

> Here, the Claimant credibly testified that she was not required to provide proof of a work search during her previous periods of underemployment with the involved Employer.
>
> Based on the Claimant's past pattern and practice, she failed to provide proof of a work search, but the Claimant credibly testified that she made reasonable efforts to seek work during her periods of underemployment. As such, the Claimant is not ineligible for benefits under the seeking work provision from May 17, 2015 through May 23, 2015.

In a separate written decision, the ALJ reached the same conclusion for the period from June 28, 2015 through July 4, 2015, expressing the reasoning for the decision using the same language quoted above.

After the UIA appealed the decision of the ALJ to the MCAC, the MCAC issued a written decision reversing the decision of the ALJ. The written decision of the MCAC that is included in the record only addressed the period from May 17, 2015 through May 23, 2017. The MCAC explained its reasoning as follows:

> Because of her reduced earnings, the claimant satisfied the eligibility requirements of Section 48 of the MES Act. However, to receive benefits, the claimant must satisfy all of the eligibility requirements. In the instant matter, the claimant, by her own admission, failed to comply with the seeking work requirement of Section 28(6) of the MES Act for the period at issue. As a result, she is ineligible for benefits and the ALJ's decision will be reversed accordingly.

One of the commissioners on the three-member panel dissented, writing as follows:

> I disagree with the Commission majority.
>
> I agree that, pursuant to Section 28(6) of the MES Act, a claimant must seek work as a condition of eligibility for unemployment insurance benefits. However, in this case the employer reduced the claimant's hours during the summer break while continuing to require her to be available to work as if fully employed. Notably, the employer did not make the claimant's schedule available to her far enough in advance that she could provide another employer with meaningful notice of a scheduling conflict. Consequently, the claimant was unable to seek employment elsewhere if she intended to keep the job with the employer that she held for over ten years. Therefore, I find that under the limited circumstances of this matter the claimant fulfilled the seeking work requirement by remaining fully available for assignments with the involved employer. Consequently, I would affirm the ALJ's decision. As the Commission majority has chosen to do otherwise, I respectfully dissent.

Claimant appealed the decision of the MCAC to the circuit court. Claimant filed a brief in support of her appeal, in which she first argued that the decision of the MCAC was contrary to law because provisions in Mich Admin Code, R 421.216(1) and (3) that permitted waiver of the work search requirement were applicable to claimant. More specifically, claimant argued that she qualified for the waiver permitted in Mich Admin Code, R 421.216(3) because she was subject to a short-term layoff with a defined return-to-work date. Claimant asserted that her return-to-work date was determined by either the next work schedule on which she was included after her layoff or the mandatory July 17, 2015 meeting. Claimant argued that she also qualified for the waiver permitted in Mich Admin Code, R 421.216(1) because work was made available to her within 45 days after her layoff, either as a result of returning to work after weeks where she was not assigned any hours or as a result of returning to full-time employment in July. Claimant further argued that she was attached to the labor market because she was still required to check her schedule with Sodexo and report to work when scheduled. Finally, claimant argued that the decision of the MCAC was not supported by competent, material, and substantial evidence because the factual record developed before the ALJ did not address the waiver provisions of Mich Admin Code, R 421.216(1) and (3) and their application to claimant.

The UIA filed a brief in opposition, arguing that the MCAC's decision should be affirmed because it was consistent with law and supported by competent, material, and substantial evidence. The UIA argued that the work search requirements in MCL 421.28 mandated that an individual both seek work and report the details of that work search in order to be eligible for unemployment benefits. Further, the UIA argued that the decision of the MCAC was proper because claimant failed to report the details of any work search to the UIA and, although she claimed to have looked for work, she never identified the employers that she contacted, never indicated when she contacted them, and never submitted proof of these contacts to the UIA. The UIA also argued that none of the provisions for waiving the work search requirements applied to claimant because her layoff lasted more than the 15-day and 45-day periods described in Mich Admin Code, R 421.216(1) and (3) and because there was no evidence that Sodexo had notified the UIA that the layoff would last fewer than 45 days as required for Mich Admin Code, R 421.216(1) to apply.

A hearing was held, during which the circuit court heard oral argument from the parties and the parties essentially reiterated the arguments made in their respective briefs. Additionally, the UIA argued that claimant was still "unemployed" as that term is defined in MESA during the time when she was working reduced hours because she was making less than 1½ times her benefit amount. Therefore, argued the UIA, claimant was not subject to a short-term layoff that would qualify her for a waiver of the work search requirements because her unemployment, as defined by statute, lasted longer than the 15-day and 45-day periods referenced in Mich Admin Code, R 421.216.

At the conclusion of the hearing, the circuit court announced its ruling reversing the decision of the MCAC as follows:

> And obviously during the summer and spring semester enrollment is lower, less hours were required. So during that time [claimant] was not working many of those weeks full-time; what would be termed as underemployed. There were two one-week periods where she was not working at all and those are the two weeks

that are at dispute in this case. Sodexo did not respond or object in any way or appear at any of the hearings. Testimony was placed on the record by [claimant] about her work schedule.[2]

There are exceptions that apply. One would be 45-day layoff. In this case the testimony that was placed on the record showed that [claimant] went back to work before that 45 days had passed. There is a waiver eligibility that she would be qualified for. In this case this was by definition a short-term layoff. So based on my understanding and what's been argued, the 2116 [sic] waiver would apply. I am going to overturn the appellate commission's decision and deem that she was eligible for unemployment during that period.

An order was entered reversing the decision of the MCAC for the reasons stated on the record.

As previously noted, we granted the UIA's application for leave to appeal the circuit court's order.

## II. STANDARD OF REVIEW

"This Court reviews a lower court's review of an administrative decision to determine whether the lower court applied correct legal principles and whether it misapprehended or misapplied the substantial evidence test to the agency's factual findings, which is essentially a clear-error standard of review." *Lawrence v Mich Unemployment Ins Agency*, 320 Mich App 422, 431; 906 NW2d 482 (2017) (quotation marks and citation omitted). Under this standard of review, "the circuit court's legal conclusions are reviewed de novo and its factual findings are reviewed for clear error." *Braska v Challenge Mfg Co*, 307 Mich App 340, 352; 861 NW2d 289 (2014). "A finding is clearly erroneous where, after reviewing the record, this Court is left with the definite and firm conviction that a mistake has been made." *VanZandt v State Employees' Retirement Sys*, 266 Mich App 579, 585; 701 NW2d 214 (2005).

## III. ANALYSIS

The UIA first argues that the circuit court's reversal of the MCAC's decision was erroneous because the circuit court improperly substituted its own judgment for that of the MCAC and the MCAC's decision was in accord with the law and supported by substantial evidence.

As a threshold matter, in determining whether the circuit court applied the correct legal principles and correctly applied the substantial evidence test, we start by setting forth the standard of review that the circuit court was required to apply to its review of the MCAC's decision.

---

[2] The circuit court was clearly referring to the testimony before the ALJ. No testimony was taken at the hearing in the circuit court.

Pursuant to Michigan's Constitution, "[a]ll final decisions, findings, rulings and orders of any administrative officer or agency existing under the constitution or by law, which are judicial or quasi-judicial and affect private rights or licenses, shall be subject to direct review by the courts as provided by law." Const 1963, art 6, § 28. Specifically, MESA provides for direct review of unemployment benefit claims, with appeals from an ALJ to the MCAC being governed by MCL 421.34 and appeals from the MCAC to the circuit court being governed by MCL 421.38. *Hodge v US Security Assoc, Inc*, 497 Mich 189, 193; 859 NW2d 683 (2015). MCL 421.34(2) provides as follows:

> An appeal to the Michigan compensation appellate commission from the findings of fact and decision of the administrative law judge or from a denial by the administrative law judge of a motion for a rehearing or reopening shall be a matter of right by an interested party. The Michigan compensation appellate commission, on the basis of evidence previously submitted and additional evidence as it requires, shall affirm, modify, set aside, or reverse the findings of fact and decision of the administrative law judge or a denial by the administrative law judge of a motion for rehearing or reopening.

MCL 421.38(1) in turn provides in relevant part:

> The circuit court . . . may review questions of fact and law on the record made before the administrative law judge and the Michigan compensation appellate commission involved in a final order or decision of the Michigan compensation appellate commission, and may make further orders in respect to that order or decision as justice may require, but the court may reverse an order or decision only if it finds that the order or decision is contrary to law or is not supported by competent, material, and substantial evidence on the whole record.

Pursuant to this standard, a circuit court must affirm the MCAC's decision "if it conforms to the law, and if competent, material, and substantial evidence supports it." *Hodge*, 497 Mich at 193. As this Court has further explained with respect to the application of the standard in MCL 421.38(1):

> Substantial evidence is that which a reasonable mind would accept as adequate to support a decision, being more than a mere scintilla, but less than a preponderance of the evidence. Evidence is competent, material, and substantial if a reasoning mind would accept it as sufficient to support a conclusion. The circuit court may not substitute its own judgment for that of the MCAC when the MCAC's decision is properly supported. [*Lawrence*, 320 Mich App at 431 (quotation marks and citations omitted).]

In this case, the MCAC determined that claimant was ineligible for benefits because she "failed to comply with the seeking work requirement of Section 28(6) of the MES Act for the period at issue." At the time of the administrative and circuit court proceedings in this case,

MCL 421.28(1)(a)[3] provided in pertinent part that for an unemployed individual to be eligible for benefits, the unemployment agency must find that "the individual has registered for work and has continued to report in accordance with unemployment agency rules and is actively engaged in seeking work."[4] MCL 421.28(6),[5] the subsection that the MCAC concluded was not satisfied by claimant, defines what it means to be "actively engaged in seeking work," providing as follows:

> (6) For purposes of this section, for benefit years beginning on or after January 1, 2013, *to be actively engaged in seeking work, an individual must conduct a systematic and sustained search for work* in each week the individual is claiming benefits, *using any of the following methods to report the details of the work search*:

> (a) Reporting at monthly intervals on the unemployment agency's online reporting system the name of each employer and physical or online location of each employer where work was sought and the date and method by which work was sought with each employer.

> (b) Filing a written report with the unemployment agency by mail or facsimile transmission not later than the end of the fourth calendar week after the end of the week in which the individual engaged in the work search, on a form approved by the unemployment agency, indicating the name of each employer and physical or online location of each employer where work was sought and the date and method by which work was sought with each employer.

> (c) Appearing at least monthly in person at a Michigan works agency office to report the name and physical or online location of each employer where the individual sought work during the previous month and the date and method by which work was sought with each employer. [Emphasis added.]

---

[3] MCL 421.28 has since been amended, and the amended version of the statute took effect on March 21, 2018. 2017 PA 228. However, the amendment only made stylistic changes to the statutory language at issue in the instant case, which requires an individual to register for work, actively seek work, and report as required by unemployment agency rules. See 2017 PA 228 (requiring the unemployment agency to find that the "individual has registered for work and has continued to report pursuant to unemployment agency rules and is actively engaged in seeking work.").

[4] MCL 421.28(1) also sets forth other requirements for benefit eligibility, but these additional requirements are not at issue with respect to the MCAC's conclusion that claimant failed to satisfy the seeking work requirement.

[5] No changes were made to MCL 421.28(6) in the recent amendment to the statute. 2017 PA 228.

In this case, there was no evidence that claimant ever reported the details of her work search to the UIA. Furthermore, although claimant testified that she searched for work, she never provided the name of any employer that she contacted in her search. Claimant testified that she was aware that she needed to search for work in order to be eligible for unemployment benefits, but she claimed to be unaware of the need to report the details of her search. However, ignorance of the law does not excuse a litigant's failure to comply with a statutory provision. *Curley v Beryllium Dev Corp*, 281 Mich 554, 558; 275 NW 246 (1937); see also *Spohn v Van Dyke Pub Sch*, 296 Mich App 470, 488; 822 NW2d 239 (2012) (stating that "ignorance of the law is no excuse") (quotation marks and citation omitted). In the MESA context, MCL 421.28(6) clearly provides that reporting the details of the work search is a necessary component of being actively engaged in seeking work for purposes of MCL 421.28. A claimant who is not actively engaged in seeking work as required by the statute is not eligible for unemployment benefits. MCL 421.28(1)(a).

Based on the record evidence in this case, it is clear to a reasoning mind that claimant failed to report any work search that she may have conducted. *Lawrence*, 320 Mich App at 431. The ALJ found claimant's testimony credible with respect to her claim that she looked for work and her belief that she did not have to report her work search based on her assertion that she had not been required to report her work search in the past; however, the ALJ did not address the fact that MCL 421.28(6) nonetheless requires a claimant to report her work search in order to be considered to be actively seeking work, regardless of claimant's subjective belief. There is nothing in MCL 421.28(6) providing an exception to the reporting requirement based on a claimant's erroneous belief regarding the reporting requirements. By failing to report the details of her work search, claimant failed to comply with the requirements of MCL 421.28(6). The MCAC's conclusion in this regard was therefore not contrary to law and was also supported by competent, material, and substantial evidence. Accordingly, the circuit court was not permitted to reverse the MCAC's decision regarding claimant's failure to comply with MCL 421.28(6) and her resulting ineligibility for benefits. Const 1963, art 6, § 28; MCL 421.38(1); *Hodge*, 497 Mich at 193.

Next, the UIA argues that the circuit court further erred by concluding that an exception applied to excuse claimant's failure to comply with the requirement that she report her work search details. In contrast, claimant argues that the circuit court's decision should be affirmed on the ground that the MCAC's decision was contrary to law and not supported by competent, material, and substantial evidence because the MCAC failed to consider the applicable waiver provisions.

On appeal, as in the proceedings below, claimant relies on Mich Admin Code, R 421.216(1) and (3) in support of her contention that the reporting requirement was waived in this case because her layoff was either a "short-term" layoff of not more than 15 days or a "temporary" layoff of less than 45 days.

Mich Admin Code, R 421.216 provides in pertinent part:

(1) A laid off individual need not seek work if, under section 28(1)(a) of the act, this requirement *is waived by the agency* upon written notification by the individual's employer that the layoff is temporary and that work is expected to be

available within 45 calendar days following the last day the individual worked. A waiver is effective if the agency receives notification from the employer before the individual is certified for his or her first compensable week following the layoff.

\* \* \*

(3) *The agency may*, under section 28(1)(a) of the act, *waive the seeking work requirement* if an individual is on a short-term layoff, as used in this rule, with a definite return-to-work date which is not later than 15 consecutive calendar days beginning with the first day of scheduled unemployment resulting from the layoff, and if the seeking work requirement is not waived for the individual under section 28(1)(a) of the act. The waiver under this subrule shall be based on the presumption that suitable work is not available for that individual. Such presumption is based on the recognition that an individual on such a short-term layoff, as that term is used in this rule, is job-attached and is not likely to be hired by another employer for a short period. The agency shall verify, by telephone or written communication with the employer, that the layoff meets the criteria of this rule. The agency shall record the verification to include the return to work date and the name and title of the employer's representative verifying the date submitted. If the agency is unable to obtain confirmation from the employer at the time the claim is filed, then the determination as to whether the seeking work requirement is subject to waiver under this subrule shall be based on the evidence presented by the claimant. The application of a waiver in accordance with this subrule shall not extend beyond the above 15 consecutive calendar day period or the date the individual returns to work, whichever occurs first. [Emphasis added.][6]

These subrules refer to MCL 421.28(1)(a). At the time of the proceedings below, MCL 421.28(1)(a)[7] provided in relevant part as follows:

The requirements that the individual must report, must register for work, must be available to perform suitable full-time work, and must seek work *may be waived by the unemployment agency* if the individual is laid off and the employer who laid the individual off notifies the unemployment agency in writing or by computerized data exchange that the layoff is temporary and that work is expected to be available for the individual within a declared number of days, not to exceed

---

[6] Claimant does not argue that Mich Admin Code, R 421.216(2), which permits the agency "to waive the seeking work requirement where the agency finds that suitable work is not available in the locality where the individual resides and in those localities in which the individual earned base period wages," is applicable in this case.

[7] As previously noted, MCL 421.28(1)(a) has since been amended. 2017 PA 228. However, the amendment only made stylistic changes to the quoted statutory language.

45 calendar days following the last day the individual worked. This waiver shall not be effective unless the notification from the employer has been received by the unemployment agency before the individual has completed his or her first compensable week following layoff. [Emphasis added.]

In this case, the MCAC's decision was based entirely on its conclusion that claimant had failed to comply with MCL 421.28(6). Yet, in reversing the decision of the MCAC, the circuit court never addressed this conclusion or explained how it was a conclusion that was contrary to law or that was not supported by competent, material, and substantial evidence. Instead, the circuit court agreed with claimant's waiver argument and grounded its decision to reverse the MCAC solely on the conclusion that claimant was exempt from the reporting requirements as a result of the applicability of Mich Admin Code, R 421.216.[8] However, Mich Admin Code, R 421.216(1) and (3) provide merely that the "agency"[9] may waive the seeking work provision. In this case, there is no evidence that claimant ever obtained such a waiver from the UIA. There is no indication in Rule 421.216 that a claimant, after being determined to be ineligible for benefits by the UIA, can somehow rely on this rule to obtain a waiver during the course of subsequent administrative or judicial proceedings in order to excuse the claimant's failure to comply with the work search reporting requirements in MCL 421.28(6). Even if claimant could have potentially qualified for a waiver under Mich Admin Code, R 421.216(1) or (3), there is no evidence that the procedures in these subrules were followed or that claimant was granted a waiver *by the agency*. Therefore, by not addressing the waiver provisions in Mich Admin Code, R 421.216(1) and (3), the MCAC's decision nonetheless comported with the law and was supported by competent, material, and substantial evidence.

Accordingly, the circuit court improperly substituted its own judgment for that of the MCAC and completely disregarded the applicable standard of review under MCL 421.38(1) because the circuit court's decision was not based on an evaluation of whether the MCAC's decision was contrary to law or supported by competent, material, and substantial evidence. Because the circuit court failed to apply the correct legal principles, the circuit court clearly erred. *Lawrence*, 320 Mich App at 431. The decision of the MCAC was not contrary to law, and it was supported by competent, material, and substantial evidence; thus, the circuit court erred by reversing the MCAC's decision. MCL 421.38(1); *Hodge*, 497 Mich at 193. We therefore reverse the decision of the circuit court.

---

[8] It is somewhat unclear from the circuit court's language whether the circuit court relied on Subrule (1) or (3). However, for the reasons discussed above, it was erroneous for the circuit court to rely on either subrule to justify the MCAC's decision because both subrules were inapplicable under the circumstances of this case.

[9] "Agency" in this context is defined to mean "the state of Michigan, unemployment agency." Mich Admin Code, R 421.1.

Reversed and remanded to the circuit court for entry of an order affirming the decision of the MCAC.  We do not retain jurisdiction.  No costs are awarded.  MCR 7.219(A).


/s/ Stephen L. Borrello
/s/ David H. Sawyer
/s/ Kathleen Jansen