# Syllabus

Chief Justice:
Robert P. Young, Jr.

Justices:
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein

**This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.**

Reporter of Decisions:
Corbin R. Davis

HODGE v US SECURITY ASSOCIATES, INC

Docket No. 149984. Decided February 6, 2015.

Carnice Hodge brought an action in the Wayne Circuit Court to appeal the Unemployment Insurance Agency's determination that she was disqualified from receiving unemployment benefits under MCL 421.29(1)(b), a provision of the Michigan Employment Security Act (MESA) that disallows benefits for individuals discharged for work-related misconduct, after respondent U.S. Security Associates, Inc., terminated her employment as a security guard at Detroit Metropolitan Wayne County Airport. Claimant was fired for accessing publicly available flight departure information on a computer near her post at the request of a traveler in violation of respondent's policy regarding the unauthorized use of client equipment. Administrative Law Judge Lawrence E. Hollens affirmed the denial of benefits, as did the Michigan Compensation Appellate Commission (MCAC), but the Wayne Circuit Court, Robert L. Ziolkowski, J., reversed. The Court of Appeals, O'CONNELL, P.J., and WILDER and METER, JJ., granted respondent's application for leave to appeal and affirmed, holding that the circuit court had not erred by concluding as a matter of law that claimant's behavior was a good-faith error in judgment rather than misconduct under MCL 421.29(1)(b). 306 Mich App 139 (2014).

In a unanimous opinion per curiam, the Supreme Court, in lieu of granting leave to appeal and without oral argument, *held*:

The Wayne Circuit Court and the Court of Appeals applied an incorrect standard of review by substituting their own assessment of the relative severity of claimant's violation of her employer's rules for the assessment of the MCAC. Because the MCAC's assessment of the claimant's conduct was made within the correct legal framework and was therefore authorized by law and not contrary to law, the courts below improperly reweighed the evidence in order to reach a different assessment in violation of Const 1963, art 6, § 28 and MCL 421.38.

Court of Appeals judgment reversed; MCAC judgment reinstated.

©2015 State of Michigan

# Opinion

Chief Justice:        Justices:
Robert P. Young, Jr.   Stephen J. Markman
                       Mary Beth Kelly
                       Brian K. Zahra
                       Bridget M. McCormack
                       David F. Viviano
                       Richard H. Bernstein

FILED February 6, 2015

S T A T E   O F   M I C H I G A N

SUPREME COURT

CARNICE HODGE,

        Claimant-Appellee,

v                                  No. 149984

U.S. SECURITY ASSOCIATES, INC.,

        Respondent-Appellee,

and

DEPARTMENT OF LICENSING &
REGULATORY AFFAIRS/
UNEMPLOYMENT INSURANCE
AGENCY,

        Appellant.

BEFORE THE ENTIRE BENCH

PER CURIAM.

In this case involving a claim for unemployment benefits, we must determine whether the lower courts applied the proper standard for reviewing determinations made by an administrative agency. Specifically, claimant was terminated from her

employment for willfully violating her employer's computer use policy. The state's unemployment agency denied her claim for unemployment benefits and this decision was affirmed by an administrative law judge (ALJ). In turn, the Michigan Compensation Appellate Commission (MCAC) affirmed the ALJ's decision, holding that the decision was made in conformity with the facts as developed at the hearing and properly applied the law to the facts. On appeal to the circuit court, however, the court concluded that, because claimant violated her employer's policy to assist a customer, the conduct did not warrant a denial of unemployment benefits. The Court of Appeals, in a published opinion, affirmed the circuit court, agreeing that claimant's violation of her employer's rules was not sufficiently egregious to deny the claimant benefits.

We reverse the judgment of the Court of Appeals and we reinstate the judgment of the MCAC. Both the Wayne Circuit Court and the Court of Appeals applied an incorrect standard of review by substituting their own assessment of the relative severity of the claimant's violation of her employer's rules for the assessment of the MCAC. The MCAC's assessment of the claimant's conduct was made within the correct legal framework and, therefore, was authorized by law and was not contrary to law, and the courts below improperly reweighed the evidence in order to reach a different assessment in violation of Const 1963, art 6, § 28, and MCL 421.38(1).

I. BASIC FACTS AND PROCEEDINGS

Claimant, Carnice Hodge, was employed as a security guard with U.S. Security Associates, Inc (USSA). On November 11, 2008, shortly after being hired, Hodge signed an acknowledgement of USSA's "Security Officer's Guide," which provided, in relevant

2

part, that the "[u]nauthorized use of client facilities or equipment, including copiers, fax machines, computers, the internet, forklifts, and vehicles" may result in immediate termination. USSA had a contract to provide security at Detroit Metropolitan airport, and she was assigned to work at the airport. Despite acknowledgement of USSA's "Security Officer's Guide," on January 27, 2011, Hodge accessed the airport's computer system in order to assist a passenger by retrieving departure information.

The parties agree to the following facts: (1) USSA had a policy that prohibited employees from accessing airport computers, (2) Hodge knew of this policy, (3) Hodge had violated this policy on some occasions in the past, (4) Hodge never received any instruction or approval to violate this policy, and (5) Hodge violated this policy on January 27, 2011 when she accessed the airport's computer system in order to retrieve departure data for a passenger.

Given these facts, the ALJ concluded that Hodge's reason for using the airport computer was irrelevant because USSA's policy prohibited computer access for any reason. The ALJ concluded that the unauthorized computer access constituted misconduct, disqualifying Hodge from benefits under MCL 421.29(1)(b), because Hodge "was discharged for reasons which would constitute behavior beneath the standard the [e]mployer had reason to expect . . . ."[1]

---

[1] MCL 421.29(1) reads, in pertinent part:

> (1) Except as provided in subsection (5), an individual is disqualified from receiving benefits if he or she:

> \* \* \*

3

The MCAC upheld that decision, ruling that the ALJ's decision conformed to the facts as developed at the administrative hearing and that the ALJ properly applied the law to the facts.

## II. APPLICABLE STANDARDS OF REVIEW

Michigan's Constitution sets forth the guiding principles of how courts should review a decision of an administrative body. It provides:

> All final decisions, findings, rulings and orders of any administrative officer or agency existing under the constitution or by law, which are judicial or quasi-judicial and affect private rights or licenses, shall be subject to direct review by the courts as provided by law. This review shall include, as a minimum, the determination whether such final decisions, findings, rulings and orders are authorized by law; and, in cases in which a hearing is required, whether the same are supported by competent, material and substantial evidence on the whole record.[2]

Consistent with this provision, the Michigan Employment Security Act, MCL 421.1 *et seq.*, expressly provides for the direct review of unemployment benefit claims. Specifically, MCL 421.34 addresses an appeal from an ALJ to the MCAC. MCL 421.38 then addresses an appeal from the MCAC to a circuit court:

---

> (b) Was suspended or discharged for *misconduct* connected with the individual's work or for intoxication while at work. [Emphasis added.]

In *Carter v Employment Sec Comm,* 364 Mich 538, 541; 111 NW2d 817 (1961), this Court defined "misconduct" as including "such willful or wanton disregard of an employer's interests as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee . . . ."

[2] Const 1963, art 6, § 28.

4

The circuit court . . . may review questions of fact and law on the record made before the administrative law judge and the Michigan compensation appellate commission involved in a final order or decision of the [MCAC], . . . but the [circuit] court may reverse an order or decision only if it finds that the order or decision is contrary to law or is not supported by competent, material, and substantial evidence on the whole record.[3]

Using this standard, a circuit court must affirm a decision of the ALJ and the MCAC if it conforms to the law, and if competent, material, and substantial evidence supports it. A reviewing court is not at liberty to substitute its own judgment for a decision of the MCAC that is supported with substantial evidence.[4] The Court of Appeals then reviews a circuit court's decision "to determine whether the lower court applied correct legal principles and whether it misapprehended or misapplied the substantial evidence test to the agency's factual findings . . . ."[5]

## III. ANALYSIS

We conclude that both the circuit court and Court of Appeals erred by departing from the applicable standard of review.

The circuit court determined that Hodge ultimately had to make a decision between two conflicting policies: one, to not use the airport's computer system, and two, to assist passengers by retrieving departure information.[6] The lower court record,

---

[3] MCL 421.38(1).

[4] *Smith v Employment Security Comm*, 410 Mich 231, 256; 301 NW2d 285 (1981).

[5] *VanZandt v State Employees Ret Sys*, 266 Mich App 579, 585, 701 NW2d 214 (2005).

[6] The circuit court inaccurately characterized this case as placing Hodge in a dilemma in which she had to choose to violate one of two company policies. There is no evidence that it was the policy of Hodge's employer that employees assist passengers with flight information. Hodge admitted as much during a July 13, 2011 hearing with the ALJ.

5

however, does not contain any evidence of a stated policy to assist passengers by retrieving departure information. Even if such a policy can be implied from the record, the ALJ determined, in a factual finding, that the most weight should be given to the expressly stated policy against access of the airport's computer system. Thus, the circuit court erred when it discounted the stated policy of Hodge's employer and, instead, credited Hodge with complying with a nonexistent policy of assisting passengers by retrieving departure information.

Likewise, the Court of Appeals erred by determining that Hodge's act of helping a passenger actually benefitted USSA.[7] The panel reached this conclusion despite the ALJ's contrary finding that Hodge's violation was so severe that it went against USSA's interest. Instead of determining whether factual assessments made by the agency were supported by substantial evidence, both the lower courts engaged in an unbridled effort to reevaluate the ALJ's factual findings.

The ALJ, the only adjudicator who actually heard testimony and observed the demeanor of the witnesses while testifying, reviewed all the evidence in the record and made findings of fact based on the credibility of witnesses and weight of the evidence.

---

When asked if there is "anything in the policy that says it's okay to violate these rules [to not access the airport's computers] so long as you're assisting a passenger," Hodge responded "no." But even if such a policy existed, there was no dilemma presented. Hodge could have complied with the express policy barring the use of airport computers and at the same time assisted the passenger seeking flight departure information by directing the passenger to airport personnel authorized to obtain and provide flight information to passengers.

[7] *Hodge v US Sec Assoc, Inc*, 306 Mich App 139; 855 NW2d 513 (2014).

The ALJ ultimately determined that Hodge's violation of the computer policy was a deliberate disregard of USSA's interest and that Hodge was discharged for reasons that would constitute behavior beneath the standard expected of employees. Thus, the ALJ disqualified Hodge from unemployment benefits for committing misconduct, in accordance with MCL 421.29(1)(b), and most prominently defined in *Carter,* 364 Mich at 541.[8]

The ALJ reached this conclusion by giving weight to evidence within the lower record. The lower courts should have given deference to the ALJ and the MCAC by reviewing those decisions only to ensure conformity with the law and the existence of competent, material, and substantial evidence. In sum, the lower courts improperly discounted the ALJ's findings to apply their own factual assessments, in violation of Const 1963, art 6, § 28 and MCL 421.38(1).

---

[8] Hodge claims that the lower courts applied the proper standard of review and reversed the MCAC because its decision did not conform to the law. Specifically, Hodge claims that the test for "misconduct" as set forth by this Court in *Carter* was not satisfied by the undisputed facts presented in this case. We disagree. The test for "misconduct," first and foremost, looks to whether the claimant's conduct showed a willful disregard of her employer's interest. One example of such disregard is the deliberate violation of standards of behavior that the employer has the right to expect of its employees. Such standards are set out in an employer's policy, and in this case that policy clearly and unequivocally prohibited the use of the airport's computers. Hodge was fully aware of the policy and knew that, by going to the computer to check on flight information, she was violating that policy. In short, plainly and unequivocally, Hodge engaged in "misconduct" as defined in *Carter*.

7

## IV. CONCLUSION

The application for leave to appeal the July 15, 2014 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we reverse the judgment of the Court of Appeals and we reinstate the judgment of the Michigan Compensation Appellate Commission.

Robert P. Young, Jr.
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein

8