*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# S T A T E   O F   M I C H I G A N

# C O U R T   O F   A P P E A L S

DEPARTMENT OF TALENT AND ECONOMIC DEVELOPMENT/UNEMPLOYMENT INSURANCE AGENCY,

Appellant,

v

ANDREW M. AUGUSTINE,

Claimant-Appellee,

and

TAYLOR FORD, INC.,

Appellee.

UNPUBLISHED
November 19, 2019

No.  344074
Wayne Circuit Court
LC No.  18-000267-AE

Before:  O'BRIEN, P.J., and GADOLA and REDFORD, JJ.

PER CURIAM.

Appellant, the Department of Talent and Economic Development/Unemployment Insurance Agency (Agency), appeals by leave granted[1] the circuit court's order affirming the decisions of the Michigan Compensation Appellate Commission (MCAC), which in turn affirmed the decisions of the Administrative Law Judge (ALJ).  Both the MCAC and the ALJ held that the Agency's "redetermination" of benefits was procedurally flawed, and thus could not be enforced to compel the claimant, Andrew Augustine, to return the unemployment benefits he had received or pay penalties under the Michigan Employment Security Act (MESA), MCL 421.1 *et seq.*  We reverse and remand.

---

[1] *Dep't of Talent and Economic Dev/Unemployment Ins Agency v Augustine*, unpublished order of the Court of Appeals, entered October 31, 2018 (Docket No. 344074).

## I. FACTS

This case arises from the Agency's allegation that Augustine improperly obtained unemployment benefits. Augustine first applied for and received unemployment benefits in February 2012. In September 2012, Augustine began working for Fitness International, LLC (LA Fitness), but was terminated in October 2012.[2] In March 2013, while still receiving unemployment benefits, Augustine began working as a sales consultant at Taylor Ford, Inc. (Taylor Ford). Although Augustine allegedly earned income during his employment at Taylor Ford from March 23, 2013 through June 8, 2013, Augustine allegedly did not report his earnings to the Agency during that time period. Augustine terminated his employment with Taylor Ford on June 5, 2013, and after June 8, 2013, no longer received unemployment benefits.

In 2016, the Agency inquired about Augustine's receipt of unemployment benefits while working at LA Fitness and Taylor Ford. On July 28, 2016, the Agency issued and mailed to Augustine two notices entitled "Notice of Redetermination." The first notice involved Augustine's eligibility for unemployment benefits (eligibility redetermination), and stated that Augustine's earnings while working at Taylor Ford from March 23, 2013 through June 8, 2013, rendered him partially ineligible for benefits under the MESA. The second notice involved the Agency's finding that Augustine used fraud to improperly receive unemployment benefits (fraud redetermination). The Agency also provided a third document entitled "Restitution (List of Overpayments)," advising Augustine that the Agency was seeking restitution in the amount $1,292, as well as fraud penalties in the amount of $5,168. The documents informed Augustine of his right to appeal the Agency's decision.

Augustine thereafter appealed the Agency's determinations. The appeal was heard by an ALJ who reversed the Agency's eligibility and fraud determinations, holding that the eligibility "redetermination" was invalid because the Agency had failed to first issue an eligibility "determination." With respect to the fraud redetermination, the ALJ held that the Agency was required to issue a new determination once the Agency determined that Augustine committed fraud in the application for benefits. Determining that both decisions from the Agency were invalid, the ALJ held that Augustine was not obligated to repay the benefits nor to pay fraud penalties.

The Agency appealed to the MCAC, which affirmed the decisions of the ALJ. The MCAC determined that the Agency had no authority under MCL 421.32(f) to issue the eligibility redetermination because that section of the MESA is not properly triggered without a protest from a chargeable employer. The MCAC also held that the Agency had no authority to issue the eligibility redetermination unless it did so within the 30-day time period under MCL 421.32a(1), or within one year of the redetermination, upon a showing of good cause under MCL 421.32a(2), and also that the Agency improperly issued a "redetermination" without first issuing a

---

[2] Although a dispute arose between the Agency and Augustine regarding his receipt of unemployment benefits while employed at LA Fitness, that dispute is not the subject of this appeal.

"determination." The MCAC held that the Agency's fraud "redetermination" was invalid because it did not comply with the requirements of MCL 421.32a, stating in relevant part:

> The Agency's July 28, 2016 [fraud] redetermination was issued in violation of several statutory provisions: (1) the Agency had no authority to act under Section 32(f) of the Act without an employer protest; (2) the redetermination covered a time period outside the time covered by the benefit check; (3) the redetermination was untimely without good cause shown under Section 32a(2) of the Act; and (4) the redetermination failed to conform to the requirements of a redetermination under Section 32a(1) of the Act.

> The claimant was materially prejudiced by the inherent confusion created by the Agency's actions and the Agency's deprivation of the claimant's procedural rights under the Act. Thus, we set aside the redetermination. As a result, there exists no valid Agency adjudication regarding misrepresentation under Section 54(b) and 62(b) of the Act. Therefore, we affirm the ALJ's September 28, 2016 decision invalidating [the] July 28, 2016 [fraud] redetermination adding that since the redetermination is invalid, the Claimant is not subject to disqualification for fraud or misrepresentation under 54(b) nor is the claimant subject to restitution or penalties under Section 62(a) or 62(b) of the Act.

The Agency appealed the MCAC's decisions to the circuit court, which affirmed the MCAC's decisions. The circuit court reasoned in part that the Agency's decisions did not comply with §32 of the MESA and that the Agency had no statutory authority to investigate Augustine for fraud absent an employer protest. This Court thereafter granted the Agency's application for leave to appeal. *Mich Unemployment Ins Agency v Augustine*, unpublished order of the Court of Appeals, entered October 31, 2018 (Docket No. 344074).

## II. DISCUSSION

The Agency contends that the circuit court erred in affirming the decisions of the MCAC, which held that Augustine was not obligated to pay restitution or fraud penalties because the Agency actions to recoup allegedly fraudulently-obtained benefits did not comply with the procedures articulated by the MESA. We agree.

The MESA provides for judicial review of unemployment benefits claims. See MCL 421.38(1). In so doing, the circuit court must affirm a decision of the MCAC if it conforms to the law, and is supported by competent, material, and substantial evidence on the entire record. *Hodge v US Security Ass'n, Inc*, 497 Mich 189, 193; 859 NW2d 683 (2015). This Court, when reviewing a circuit court's review of agency action, must determine whether the circuit court "applied correct legal principles and whether it misapprehended or grossly misapplied the substantial evidence test to the agency's factual findings, which is essentially a clear-error standard of review." *Lawrence v Mich Unemployment Ins Agency*, 320 Mich App 422, 431; 906 NW2d 482 (2017) (quotation marks and citation omitted). This Court reviews the circuit court's legal conclusions de novo, *Braska v Challenge Mfg Co*, 307 Mich App 340, 352; 861 NW2d 289 (2014), which includes the interpretation of a statute. *Muci v State Farm Mut Auto Ins Co*, 478 Mich 178, 187; 732 NW2d 88 (2007). "A decision of the MCAC is subject to reversal if it is

based on erroneous legal reasoning or the wrong legal framework." *Lawrence*, 320 Mich App at 432 (quotation marks, brackets, and citation omitted).

At the time the Agency issued its "redeterminations" to Augustine on July 28, 2016, MCL 421.32, as amended by 2013 PA 144,[3] provided in relevant part:

> (f) The issuance of each benefit check shall be considered a determination by the unemployment agency that the claimant receiving the check was covered during the compensable period, and eligible and qualified for benefits. A chargeable employer, upon receipt of a listing of the check as provided in section 21(a), may protest by requesting a redetermination of the claimant's eligibility or qualification as to that period and a determination as to later weeks and benefits still unpaid that are affected by the protest. Upon receipt of the protest or request, the unemployment agency shall investigate and redetermine whether the claimant is eligible and qualified as to that period. If, upon the redetermination, the claimant is found ineligible or not qualified, the unemployment agency shall proceed as described in section 62. . . .

At that time, MCL 421.32a, as amended by 2011 PA 269,[4] provided, in relevant part:

> (1) Upon application by an interested party for review of a determination, upon request for transfer to an administrative law judge for a hearing filed with the unemployment agency within 30 days after the mailing or personal service of a notice of determination, or upon the unemployment agency's own motion within that 30-day period, the unemployment agency shall review any determination. After review, the unemployment agency shall issue a redetermination affirming, modifying, or reversing the prior determination and stating the reasons for the redetermination, or may in its discretion transfer the matter to an administrative law judge for a hearing. If a redetermination is issued, the unemployment agency shall promptly notify the interested parties of the redetermination, the redetermination is final unless within 30 days after the mailing or personal service of a notice of the redetermination an appeal is filed with the unemployment agency for a hearing on the redetermination before an administrative law judge in accordance with section 33.
>
> (2) The unemployment agency may, for good cause, including any administrative clerical error, reconsider a prior determination or redetermination after the 30-day period has expired and after reconsideration issue a redetermination affirming, modifying, or reversing the prior determination or redetermination, or transfer the matter to an administrative law judge for a hearing. A reconsideration shall not be made unless the request is filed with the unemployment agency, or

---

[3] MCL 421.32 has since been amended. See 2016 PA 522, effective April 9, 2017.

[4] MCL 421.32a has since been amended. See 2017 PA 232, effective July 1, 2018.

reconsideration is initiated by the unemployment agency with notice to the interested parties, within 1 year from the date of mailing or personal service of the original determination on the disputed issue.

At the time the redeterminations were issued, MCL 421.62, as amended by 2013 PA 147,[5] stated, in relevant part:

(a) If the unemployment agency determines that a person has obtained benefits to which that person is not entitled, . . . the agency may recover a sum equal to the amount received plus interest . . . . The unemployment agency shall issue a determination requiring restitution within 3 years after the date of finality of a determination, redetermination, or decision reversing a previous finding of benefit entitlement. The unemployment agency shall not initiate administrative or court action to recover improperly paid benefits from an individual more than 3 years after the date that the last determination, redetermination, or decision establishing restitution is final. The unemployment agency shall issue a determination on an issue within 3 years from the date the claimant first received benefits in the benefit year in which the issue arose, or in the case of an issue of intentional false statement, misrepresentation, or concealment of material information in violation of section 54(a) or (b) or sections 54a to 54c, within 6 years after the receipt of the improperly paid benefits unless the unemployment agency filed a civil action in a court within the 3-year or 6-year period; the individual made an intentional false statement, misrepresentation, or concealment of material information to obtain the benefits; or the unemployment agency issued a determination requiring restitution within the 3-year or 6-year period. . . .

* * *

(d) The unemployment agency shall take the action necessary to recover all benefits improperly obtained or paid under this act . . . .

In this case, the MCAC determined that the Agency's fraud determination was invalid because the Agency had no authority to act under §32(f) without an employer protest, and further, that the determination was untimely under §32a(2) and failed to conform to the requirements of §32a(1). The circuit court affirmed the decision of the MCAC. We conclude that in so doing, the circuit court did not apply correct legal principles. See *Lawrence*, 320 Mich App at 431.

This Court recently held in *Dep't of Licensing & Regulatory Affairs v Lucente*, ___ Mich App ___, ___; ___ NW2d ___ (2019) (Docket No. 342080); slip op at 11, that §62 permitted the Agency in those consolidated cases to seek to recoup benefits that had been improperly obtained,

---

[5] MCL 421.62 has since been amended. See 2016 PA 522, effective April 9, 2017, and 2017 PA 231, effective March 21, 2018.

-5-

and in so doing, the Agency was not required to comply with the requirements of §32a. This Court reasoned that:

> Quite simply, §32a is designed to give both claimants and employers a right to a redetermination of the Agency's eligibility determination. Section 62, in contrast, gives *the Agency* the ability to recoup fraudulently-obtained benefits. Under §62, the agency was authorized, and indeed compelled, to take the action necessary to recoup the benefits improperly obtained by Lucente, along with any applicable penalties. See former MCL 421.62(d) (the Agency "*shall* take the action necessary to recover all benefits improperly obtained or paid under this act") (emphasis added). To impose upon the Agency, when proceeding under §62, the additional procedural and time requirements of §32a is to create requirements not imposed by the Legislature. We therefore hold that because the Agency in this case was proceeding under §62, the Agency did not err in failing to comply with §32a. [*Lucente*, ___ Mich App at ___, slip op. at 9.]

Similarly, in this case the Agency had the authority to investigate and seek recoupment of improperly paid benefits on its own initiative. MCL 421.62(d). The circuit court therefore erred in affirming the decisions of the MCAC and holding that the Agency had no statutory authority to investigate claimants for fraud without the request of an employer, and further erred in holding that the Agency was required to comply with the requirements of § 32a when seeking to recover fraudulently paid benefits and penalties under §62.

In addition, although the Agency labeled its July 28, 2016 decisions as "redeterminations" rather than "determinations," that label was not determinative of the Agency's ability to seek to recoup improperly obtained benefits. *Lucente*, ___ Mich App at ___, slip op at 9. Further, the Agency's decisions adequately informed Augustine of the Agency's recovery action against him, advising him of the relevant time period, the basis for the determination of ineligibility, the amount owed in restitution and fraud penalties, and the right to appeal the Agency's decision. The redeterminations thus had all the components identified in MCL 421.32a to protect Augustine from the dangers underlying inadequate notice.

Reversed and remanded to the Administrative Law Judge for a determination regarding whether Augustine improperly obtained unemployment benefits through the use of fraud. We do not retain jurisdiction.

/s/ Colleen A. O'Brien
/s/ Michael F. Gadola
/s/ James Robert Redford

-6-