*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

LILLIAN A. SCOTT,

        Claimant-Appellant,

v

DEPARTMENT OF LABOR AND ECONOMIC
OPPORTUNITY/UNEMPLOYMENT
INSURANCE AGENCY,

        Appellee.

UNPUBLISHED
May 25, 2023

No. 350690
Berrien Circuit Court
LC No. 18-000266-AE

ON REMAND

Before: SHAPIRO, P.J., and CAVANAGH and REDFORD, JJ.

REDFORD, J. (*dissenting*).

Our Supreme Court reversed Part III of the judgment of this Court[1] and remanded for consideration of the issues raised by claimant Lillian Scott but not addressed by this Court during our initial review.[2] Lillian Scott claims that the content of the Department of Licensing and Regulatory Affairs/Unemployment Insurance Agency's determinations in Cases 0-001-824-775 and 0-002-333-913 did not provide her adequate notice and thereby denied her due process, and that good cause exists to reopen her cases and allow a late appeal. For the reasons stated herein, I respectfully dissent from the majority's opinion because I would affirm the lower court's rulings on these two issues.

---

[1] *Scott v Dep't of Labor & Economic Opportunity/Unemployment Ins Agency*, 341 Mich App 87; ___ NW2d ___ (2022).

[2] See *Scott v Dep't of Labor & Economic Opportunity/Unemployment Ins Agency*, ___ Mich ___; 983 NW2d 417, 417-418 (2023).

## I. BACKGROUND

The background facts stated in our previous opinion and the dissenting opinion, *Scott*, 341 Mich App at 92-96, and 105-108, respectively, are incorporated herein by reference. As previously described, Scott seeks to challenge the Agency's determinations requiring her to pay restitution and penalties under the Michigan Employment Security Act (MESA), MCL 421.1 *et seq*.

After Scott's former employer, Enterprise Synergy, LLC, notified the Agency that Scott voluntarily stopped working on May 30, 2013, and it complained that it should not be held responsible for paying her any unemployment benefits, the Agency investigated and mailed Scott requests for information on April 24, 2014, and then mailed her determinations on May 9, 2014, in Cases 775 and 913, informing her that her benefits were terminated, and also mailed her notices that she must pay restitution of the amount she received plus penalties. In Case 775, the Agency's Notice of Determination stated in relevant part:

> Issues and Sections of Michigan Employment Security Act involved: Misrepresentation and 62(b).
>
> Your actions indicate you intentionally misled and/or concealed information to obtain benefits you were not entitled to receive.
>
> Benefits will be terminated on any claims active on May 25, 2013.
>
> You are disqualified for benefits under MES Act, Sec. 62(b). Restitution is due under MES Act Sec. 62(a0.

In Case 913, the Agency's Notice of Determination stated in relevant part:

> Issues and Sections of Michigan Employment Security Act involved: Voluntary Quit and 29(1)(a).
>
> You quit your job with ENTERPRISE SYNERGY LLC on May 30, 2013 due to other personal reasons.
>
> Your leaving was voluntary and not attributable to the employer.
>
> You are disqualified for benefits under MES Act, Sec. 29(1)(a).

Each notice also informed Scott of her right to protest or appeal the determinations within 30 days and how to do so.

After the appeal period lapsed, the Agency began garnishing her wages and intercepting her income tax refunds to satisfy the outstanding amounts she owed. Scott engaged attorneys and ultimately in 2018 an attorney filed a protest and requested that her cases be reopened. Because Scott had not appealed the determinations within one year of the May 9, 2014 determinations, as required under MCL 421.32a(2), the Agency considered her requests time-barred. Scott appealed the Agency's decision and an ALJ conducted a hearing and affirmed the Agency's decision and denial to reopen Scott's cases. Scott appealed the ALJ's order to the Michigan Compensation

Appellate Commission (MCAC), on the ground that good cause for a late appeal existed because the Agency's determinations did not provide reasonable and adequate notice. The MCAC affirmed the ALJ's decision. Scott then appealed to the circuit court which held that competent, material, and substantial evidence in the record supported the findings of the ALJ and the MCAC. The circuit court also concluded that the notices complied with MCL 421.32 and satisfied procedural due process.

On appeal, Scott asserts that the Agency's determinations deprived her of due process by failing to adequately provide her notice, and she claims that good cause exists to allow her to file a late appeal under Mich Admin Code R 421.270(1).

## II. STANDARDS OF REVIEW

We review de novo the circuit court's application of legal principles in reviewing an administrative decision, including matters of statutory interpretation. *Mericka v Dep't of Community Health*, 283 Mich App 29, 36; 770 N.W.2d 24 (2009). We review the circuit "court's review of an administrative decision to determine whether the lower court applied correct legal principles and whether it misapprehended or misapplied the substantial evidence test to the agency's factual findings, which is essentially a clear-error standard of review." *Braska v Challenge Mfg Co*, 307 Mich App 340, 351-352; 861 NW2d 289 (2014) (quotation marks and citation omitted). "A finding is clearly erroneous where, after reviewing the record, this Court is left with the definite and firm conviction that a mistake has been made." *VanZandt v State Employees' Retirement Sys*, 266 Mich App 579, 585; 701 NW2d 214 (2005).

When an ALJ serves as the trier of fact in an administrative proceeding, it is the ALJ who "heard testimony . . . , reviewed all the evidence in the record and made findings of fact based on the credibility of witnesses and weight of the evidence." *Hodge v US Security Assoc, Inc*, 497 Mich 189, 195; 859 NW2d 683 (2015). The ALJ's role requires that it, and not a circuit court on review, make determinations of credibility and resolve evidentiary conflicts. *Id.* at 194-195. The circuit court "must affirm a decision of the ALJ and the MCAC . . . if competent, material, and substantial evidence supports it. A reviewing court is not at liberty to substitute its own judgment for a decision of the MCAC that is supported with substantial evidence." *Id.* at 194. "Substantial evidence is that which a reasonable mind would accept as adequate to support a decision, being more than a mere scintilla, but less than a preponderance of the evidence." *VanZandt*, 266 Mich App at 584 (quotation marks and citation omitted). Although the MCAC's factual findings are entitled to great deference, they are only conclusive if "any competent evidence" supports those findings. *Brackett v Focus Hope, Inc*, 482 Mich 269, 275; 753 NW2d 207 (2008). "Evidence is competent, material, and substantial if a reasoning mind would accept it as sufficient to support a conclusion." *City of Romulus v Dep't of Environmental Quality*, 260 Mich App 54, 63; 678 NW2d 444 (2003). Under the clear-error standard, this Court will affirm if the lower court's determination "is plausible in light of the record viewed in its entirety." *Beason v Beason*, 435 Mich 791, 803; 460 NW2d 207 (1990).

## III. ANALYSIS

Scott argues that the notices of determinations failed to provide her reasonably sufficient information regarding the bases for the Agency's determinations and deprived her of adequate due process in violation of state and federal law. I disagree.

MCL 421.29(1)(a) provides that an individual is disqualified from receiving benefits if she left work voluntarily. MCL 421.32(a) requires the Agency to promptly notify the claimant and other interested parties of the determination and "the reasons for the determination." MCL 421.62(a) requires the Agency to issue a restitution determination requiring restitution if it determines that an individual was not entitled because the individual made an intentional false statement, misrepresentation, or concealed material information to obtain benefits. MCL 421.62(b) requires termination of benefits of persons who made an intentional false statement, misrepresentation, or concealed material information to obtain benefits.

"Procedural due process serves as a limitation on government action and requires government to institute safeguards in proceedings that affect those rights protected by due process, including life, liberty, or property." *Thomas v Pogats*, 249 Mich App 718, 724; 644 NW2d 59 (2002). "Due process in civil cases generally requires notice of the nature of the proceedings, an opportunity to be heard in a meaningful time and manner, and an impartial decisionmaker." *Cummings v Wayne Co*, 210 Mich App 249, 253; 533 NW2d 13 (1995). "Due process is a flexible concept, the essence of which requires fundamental fairness." *Al-Maliki v LaGrant*, 286 Mich App 483, 485; 781 NW2d 853 (2009). Notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Elba Twp v Gratiot Co Drain Comm'r*, 493 Mich 265, 287-288; 831 NW2d 204 (2013) (quotation marks and citation omitted).

In this case, the Agency's determinations in Cases 775 and 913 respectively, informed Scott that she "intentionally misled and/or concealed information to obtain benefits" and that she voluntarily left her position with her former employer and that her leaving was not attributable to the employer. The notices of determination, along with the restitution orders, provided Scott adequate notice of the time period of ineligibility (after she voluntarily quit), the reason for ineligibility (she voluntarily left employment), the amount she owed including additional penalties for fraud, and her appellate rights. The circuit court correctly understood that MCL 421.32 required the Agency to notify Scott of the reasons for the determinations but that the statute does not require detailed particularized factual explanations of the reasons.[3] The record indicates that the determinations informed Scott of the grounds for termination of her benefits. The notices of determinations adequately provided the information necessary to inform Scott of her ineligibility and her rights, and satisfied the minimum requirements of procedural due process by stating the decisions and the Agency's grounds for them, as well as providing her an opportunity to be heard

---

[3] Contrary to Scott's argument, MCR 2.112's pleading requirements in civil actions do not apply to Agency notices. Had the Legislature so intended it would have specified such. Further, no cases have held that the MESA requires such. In my opinion, this Court should not import such pleading requirements into the MESA's notice provisions, particularly in this case where the notices sent to Scott comported with procedural due process.

in a meaningful time and manner by an impartial decision-maker. The notices informed Scott of the grounds for the determinations and appropriately informed her that she had opportunity to respond and explain her position, and present evidence in her support to rebut the Agency's determinations within the statutorily defined period. She simply failed to timely do so. I find nothing fundamentally unfair about the notices given Scott, and her arguments to the contrary lack merit. The circuit court correctly concluded that Scott had not been denied procedural due process and ruled that the ALJ's and MCAC's decisions were not contrary to law and supported by competent and material evidence. I disagree with the majority's conclusion that the Agency must meet a heightened notice standard that the Legislature has not imposed by statute to satisfy due process.

Scott also argues that good cause exists to reopen her case and allow a late appeal. I disagree.

In May 2014, when the Agency issued the determinations at issue, MCL 421.32a(2) provided in relevant part:

> The unemployment agency may, for good cause, including any administrative clerical error, reconsider a prior determination . . . after the 30-day period has expired and after reconsideration issue a redetermination affirming, modifying, or reversing the prior determination . . . . A reconsideration shall not be made unless the request is filed with the unemployment agency, . . . within 1 year from the date of mailing or personal service of the original determination on the disputed issue. [MCL 421.32a(2), as amended by 2011 PA 269.]

The statute's good-cause exception plainly permitted the Agency to consider requests for redetermination only in instances where the claimant sought such action within one year of the mailing of the original determination. In this case, Scott did not timely seek reconsideration within one year of the original May 9, 2014 mailing of the notices of determinations to her. Accordingly, she is not eligible for reopening of her cases to raise late appeal under MCL 421.32a(2).

For these reasons, I would affirm the circuit court's decision.

/s/ James Robert Redford