*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

DEPARTMENT OF LABOR AND ECONOMIC
OPPORTUNITY/UNEMPLOYMENT
INSURANCE AGENCY,

UNPUBLISHED
October 08, 2024
3:23 PM

Appellant,

v

No. 366227
Wayne Circuit Court
LC No. 22-014206-AE

LINDA CUNNINGHAM,

Appellee,

and

DOLGENCORP, LLC,

Respondent-Appellee.

Before: CAMERON, P.J., and JANSEN and SWARTZLE, JJ.

PER CURIAM.

Appellant, the Department of Labor and Economic Opportunity/Unemployment Insurance Agency ("the UIA"), appeals by leave granted[1] the circuit court's order denying its appeal of a decision by the Unemployment Insurance Appeals Commission (UIAC). We reverse and remand.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

Appellee, Linda Cunningham was formerly employed at a Dollar General store (hereinafter "Dollar General") operated by respondent, Dolgencorp LLC. Cunningham applied for unemployment benefits and the UIA issued a monetary determination approving her claim. However, the UIA later reversed course and notified Cunningham that she was disqualified from

---

[1] *Unemployment Ins Agency v Cunningham*, unpublished order of the Court of Appeals, entered September 20, 2023 (Docket No. 366227).

benefits because she quit her job at Dollar General for personal reasons. Cunningham protested the determination, arguing she did not voluntarily quit her job. The UIA sent Cunningham a redetermination, affirming its previous determination.

Cunningham appealed the redetermination, and a hearing was scheduled before an administrative law judge (ALJ). Cunningham failed to appear for the hearing, and the ALJ did not receive any testimony from witnesses or admit any evidence into the record. The ALJ later dismissed the case for lack of prosecution. Cunningham appealed to the UIAC. In considering Cunningham's appeal, the UIAC did not consider the ALJ's reason for the dismissal. Instead, the UIAC set aside the ALJ's order on the basis of its conclusion that the UIA wrongly disqualified Cunningham. The UIA appealed to the circuit court, which affirmed the UIAC's decision.

## II. DECISION OF THE UIA

The UIA argues we should reverse the circuit court's decision because the UIAC exceeded the scope of the ALJ's record by considering evidence that was not presented. We agree.

## A. STANDARD OF REVIEW

"This Court reviews a lower court's review of an administrative decision to determine whether the lower court applied correct legal principles and whether it misapprehended or misapplied the substantial evidence test to the agency's factual findings, which is essentially a clear-error standard of review." *Braska v Challenge Mfg Co*, 307 Mich App 340, 351-352; 861 NW2d 289 (2014) (quotation marks and citation omitted). "[T]he circuit court's legal conclusions are reviewed de novo and its factual findings are reviewed for clear error." *Id*. at 352. "Great deference is accorded to the circuit court's review of the [administrative] agency's factual findings; however, substantially less deference, if any, is accorded to the circuit court's determinations on matters of law." *Lawrence v Mich Unemployment Ins Agency*, 320 Mich App 422, 432; 906 NW2d 482 (2017) (quotation marks and citation omitted, alteration in *Lawrence*).

The Michigan Constitution states:

> All final decisions, findings, rulings and orders of any administrative officer or agency existing under the constitution or by law, which are judicial or quasi-judicial and affect private rights or licenses, shall be subject to direct review by the courts as provided by law. This review shall include, as a minimum, the determination whether such final decisions, findings, rulings and orders are authorized by law; and, in cases in which a hearing is required, whether the same are supported by competent, material and substantial evidence on the whole record. Findings of fact in workmen's compensation proceedings shall be conclusive in the absence of fraud unless otherwise provided by law. [Const 1963, art 6, § 28.]

## B. LAW AND ANALYSIS

"[T]he Michigan Employment Security Act, MCL 421.1 *et seq.*, expressly provides for the direct review of unemployment benefit claims." *Hodge v US Security Assoc, Inc*, 497 Mich 189, 193; 859 NW2d 683 (2015). "A claimant or employer who disagrees with a redetermination can appeal the decision to an administrative law judge (ALJ)." *Dep't of Licensing & Regulatory*

*Affairs/Unemployment Ins Agency v Lucente*, 508 Mich 209, 225; 973 NW2d 90 (2021). "On appeal, the ALJ shall decide the rights of the interested parties and shall notify the interested parties of the decision, setting forth the findings of fact upon which the decision is based, together with the reasons for the decision." *Id*. (quotation marks and citation omitted). "If the appellant fails to appear or prosecute the appeal, the administrative law judge may dismiss the proceedings or take other action considered advisable." MCL 421.33(1).

Parties have the right to appeal to the UIAC "from the findings of fact and decision of the administrative law judge or from a denial by the administrative law judge of a motion for a rehearing or reopening[.]" MCL 421.34(2). The UIAC, "on the basis of evidence previously submitted and additional evidence as it requires, shall affirm, modify, set aside, or reverse the findings of fact and decision of the administrative law judge or a denial by the administrative law judge of a motion for rehearing or reopening." *Id*.

The ALJ dismissed Cunningham's appeal solely on the basis that Cunningham failed to appear. The UIAC did not consider the ALJ's reason for dismissal—specifically, whether the case was properly dismissed for failure to prosecute. Instead, the UIAC made its own conclusions of law and engaged in its own fact-finding to determine that the ALJ wrongly dismissed Cunningham's case. The UIAC's review was limited to "the findings of fact and decision of the administrative law judge," MCL 421.34(2), and it erred when it exceeded these limitations. The circuit court similarly erred by failing to recognize this distinction.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Thomas C. Cameron
/s/ Kathleen Jansen
/s/ Brock A. Swartzle