*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TINA ROBINSON,

        Claimant-Appellee,

v

DEPARTMENT OF LABOR AND ECONOMIC
OPPORTUNITY/UNEMPLOYMENT
INSURANCE AGENCY,

        Appellant.

UNPUBLISHED
May 12, 2025
10:51 AM

No. 369248
Wayne Circuit Court
LC No. 23-006338-AE

Before: O'BRIEN, P.J., and K. F. KELLY and BORRELLO, JJ.

PER CURIAM.

In this pandemic unemployment assistance action, appellant, the Department of Labor and Economic Opportunity/Unemployment Insurance Agency (the Agency), appeals by leave granted[1] the circuit court's order affirming the decision of the Unemployment Insurance Appeals Commission (UIAC), which affirmed the decision of an administrative law judge that Tina Robinson (claimant), qualified for pandemic unemployment benefits and denied the Agency a rehearing. For the reasons set forth in this opinion, we affirm.

## I. BACKGROUND

On May 3, 2020, claimant applied for Pandemic Unemployment Assistance (PUA). Prior to the onset of the COVID-19 pandemic, she operated a home-based childcare service. The Agency granted her 39 weeks of PUA on May 6, 2020, citing unemployment resultant from the pandemic. Following updates in legislation, on February 12, 2021, the Agency sought verification of the

---

[1] *Robinson v Dep't of Labor & Economic Opportunity/Unemployment Ins Agency*, unpublished order of the Court of Appeals, entered June 6, 2024 (Docket No. 369248).

claimant's self-employment status. In response, the claimant provided a payment log and two letters purportedly authored by parents of children in her care.[2]

On July 7, 2021, the Agency initially determined that claimant's documentation was insufficient to demonstrate her self-employment status, rendering her ineligible for benefits. Claimant subsequently filed an appeal against this decision. On July 14, 2022, the Agency issued a notice of redetermination, reiterating that claimant had failed to submit any supplementary evidence of her employment status, thus maintaining her ineligibility for Pandemic Unemployment Assistance (PUA) benefits. In response, claimant appealed the Agency's July 14, 2022, redetermination to an administrative law judge (ALJ).

The ALJ conducted a hearing on September 13, 2022, and on September 14, 2022. After review of the record and testimony, the ALJ overturned the Agency's redetermination, concluding that claimant was eligible for PUA benefits. The Agency pursued a rehearing, which was denied by the ALJ. Subsequently, the Agency appealed the matter to the Unemployment Insurance Appeals Commission (UIAC), which upheld both the ALJ's refusal to grant a rehearing and the original eligibility determination in favor of the claimant. Following this, the Agency filed an appeal in the circuit court, which ruled that claimant had indeed provided adequate evidence of her self-employment to the Agency. The circuit court clarified that it was not obligated to reassess the ALJ's initial ruling and could not adjudicate the claimant's credibility or usurp the fact-finding responsibilities assigned to the ALJ. The appeal process then continued to this Court.

## II ANALYSIS

The Agency contends that the circuit court made an error by failing to adhere to the appropriate legal standards in assessing whether there was sufficient evidence to establish claimant's eligibility for PUA benefits. Fundamentally, the Agency argues once more that claimant did not submit adequate documentation to substantiate her claim.

This Court's review of an administrative action must "include, as a minimum the determination whether such final decisions, findings, rulings and orders are authorized by law; and, . . . whether the same are supported by competent, material and substantial evidence on the whole record." Const 1963, art 6, § 28. See also MCL 421.38(1). Substantial evidence is evidence that a reasonable person would find sufficient to support a decision. *Motycka v General Motors Corp*, 257 Mich App 578, 580-581; 669 NW2d 292 (2003).

We review the circuit court review of an administrative decision to "determine whether the lower court applied correct legal principles and whether it misapprehended or misapplied the substantial evidence test to the agency's factual findings, which is essentially a clear-error standard of review." *Lawrence v Mich Unemployment Ins Agency*, 320 Mich App 422, 431; 906 NW2d 482 (2017) (quotation marks and citation omitted). Under the substantial-evidence test, we will

---

[2]It is important to note that while the claimant referred to these letters as "notarized," they do not meet that definition. Furthermore, the claimant's testimony indicated that the payment log was intended to cover the years 2020 and 2021; however, it only accounted for data from 2019 and 2020.

overturn the decision of the circuit court if we have a definite and firm conviction that the circuit court made a mistake. *Id*. at 432-432. "Great deference is accorded to the circuit court's review of the [administrative] agency's factual findings; however, substantially less deference, if any, is accorded to the circuit court's determinations on matters of law." *Id*. at 432 (alterations in original; quotation marks and citation omitted). Issues of statutory interpretation are reviewed de novo by this Court. *Dep't of Licensing & Regulatory Affairs/Unemployment Ins Agency v Lucente*, 508 Mich 209, 230; 973 NW2d 90 (2021).

The circuit court must affirm the decisions of an ALJ and the UIAC if the decisions conformed to the law and were supported by material, competent, and substantial evidence. *Hodge v US Sec Assoc Inc*, 497 Mich 189, 193; 859 NW2d 683 (2015). In general, a claimant has the burden of proving their eligibility for unemployment benefits. *Lawrence*, 320 Mich App at 436 n 2.

Following the spread of the COVID-19 pandemic to the United States, the United States Congress enacted the Coronavirus Aid, Relief, and Economic Security (CARES) Act. 15 USC 9001 *et seq*. This act provided PUA benefits to those who were ineligible for state or federal unemployment benefits, but could not work because of the pandemic. 15 USC 9021(a)(3)(A)(*i*); 15 USC 9021(a)(3)(A)(*ii*)(I). Under the CARES Act, self-certification of an inability to work because of the pandemic was sufficient. 15 USC 9021(a)(3)(A)(*ii*). No additional documentation was required. 15 USC 9021(a)(3)(A)(*ii*).

On December 27, 2020, the Continued Assistance for Unemployed Workers Act of 2020 (CAA) amended the PUA benefits program of the CARES Act. Unemployment Insurance Program Letter No. 16-20, Change 4, p I-1. It created a new requirement that individuals had to submit documentation of their employment. *Id*. at p 5. The CAA required individuals to provide documentation of their employment or self-employment "not later than 21 days after the later of the date on which the individual submits an application" for PUA or the date that a state agency requests the documentation. 15 USC 9021(a)(3)(A)(*iii*). Valid documentation of self-employment "includes, but is not limited to, state or Federal employer identification numbers, business licenses, tax returns, business receipts, and signed affidavits from persons verifying the individual's self-employment." Unemployment Insurance Program Letter No. 16-20, Change 4, p I-11. The documentation must cover earnings in the tax year before the year PUA was requested. *Id*. States were given the discretion to determine if the provided documentation substantiated a claim of self-employment. *Id*. If an individual failed to provide documentation in support of their claim, they were ineligible for PUA. *Id*.; 15 USC 9021(a)(3)(A)(*iii*).

While claimants were required to provide documentary evidence of their self-employment to the Agency, there is no requirement that they must provide this evidence at an ALJ or UIAC hearing regarding their claim. 15 USC 9021(a)(3)(A)(*iii*). An ALJ may make "legitimate and supportable inferences" based on the testimony and evidence provided. *In re Sangster*, 340 Mich App 60, 67; 985 NW2d 245 (2022) (quotation marks and citation omitted). We must review the entire record when evaluating if an agency's decision was supported by competent, material, and substantial evidence, not just the evidence that supports the agency's findings. *Id*. "In an appeal from an administrative tribunal or agency, the record includes all documents, files, pleadings, testimony, and opinions and orders of the tribunal, agency, or officer . . . ." MCR 7.210(A)(2).

In this instance, claimant initially submitted a claim for PUA benefits in May 2020 under the CARES Act, which was subsequently approved by the Agency. She received benefits throughout 2020, which are not under dispute. However, claimant continued to apply for PUA benefits in 2021, by which time the Consolidated Appropriations Act (CAA) was in effect, as outlined in the Unemployment Insurance Program Letter No. 16-20, Change 4, p I-1. On February 12, 2021, the Agency requested claimant provide evidence supporting her self-employment status. Under 15 USC 9021(a)(3)(A)(iii), eligibility for PUA necessitates demonstrable proof of self-employment prior to the work loss directly linked to the COVID-19 pandemic. The Agency concluded that claimant failed to provide "sufficient documentation" to validate her self-employment, resulting in her ineligibility for PUA benefits.

During the hearing before the ALJ, claimant testified that she submitted a payment log alongside two letters from clients to the Agency as evidence of her self-employment. However, these documents were not presented to the ALJ during the proceedings. The ALJ acknowledged claimant's credible testimony regarding her provision of employment proof to the Agency, which included a log detailing payment received for services rendered in 2020 and 2021. The ALJ also noted that the payment log encompassed the dates of service, the amounts received, and the specific services performed by the claimant. According to guidelines from the United States Department of Labor, business receipts qualify as sufficient evidence of self-employment (see Unemployment Insurance Program Letter No. 16-20, Change 4, p I-11). The log in question encompassed approximately three months of the claimant's self-employment prior to the onset of the pandemic. Citing 15 USC 9021(a)(3)(A)(*iii*), the ALJ concluded that claimant should not be deemed ineligible for benefits under Section 28(1)(a) of the Act and Section 241 of the Continued Assistance Act, subsequently denying the Agency's request for a rehearing.

Following this, the UIAC reviewed the ALJ's denial of the Agency's rehearing request and the initial determination regarding claimant's eligibility for benefits. The UIAC noted that the burden rested on the Agency to clarify its rationale for deeming the documentation inadequate. However, the Agency failed to provide an adequate explanation in its adjudication, did not attend the hearing to present testimony concerning the alleged inadequacies, nor did it account for its absence. The UIAC refrained from referencing any factual findings made by the ALJ and subsequently affirmed the ALJ's initial determination that claimant was eligible for PUA. The circuit court upheld these decisions, concluding they were not contrary to law, having been substantiated by competent, material, and substantial evidence throughout the record.

Claimant provided several documents to the Agency as evidence of her self-employment, specifically a payment log and two notarized letters. Referring to 15 USC 9021(a)(3)(A)(*iii*), these documents were later presented to the ALJ by the Agency. However, the Agency contended that the materials submitted were inadequate for confirming claimant's self-employment status. They pointed out the absence of an Employer Identification Number (EIN), tax returns, a business license, or signed affidavits, citing Unemployment Insurance Program Letter No. 16-20, Change 4, p I-11; *Sangster*, 340 Mich App at 67. The Agency claimed that state discretion over the adequacy of self-employment documentation allowed them to categorically deem the claimant's submissions insufficient. It appears the Agency operates under the erroneous belief that it possesses unilateral authority to evaluate the sufficiency of a claimant's self-employment verification documents. This interpretation is fundamentally flawed, as any impartial jurist would recognize.

-4-

The ALJ appropriately applied the correct legal standard in adjudicating the claimant's appeal, as outlined in *Lawrence*, 320 Mich App at 431. Under the applicable provisions of the Coronavirus Aid, Relief, and Economic Security (CARES) Act, the claimant had an obligation to submit documentation of her self-employment when requested by the Agency (15 USC 9021(a)(3)(A)(*iii*)), with the onus on her to establish eligibility for Pandemic Unemployment Assistance (PUA) benefits *(Lawrence*, 320 Mich App at 436 n 2). During the ALJ hearing, the claimant maintained that she had submitted a payment log alongside two notarized letters. The ALJ concluded that these documents satisfied the CAA's requirements, noting that the claimant presented a Cash App log detailing the dates and amounts of services rendered in 2020 and 2021. The Agency further alleged that claimant failed to provide supporting documentation to the ALJ, a claim that is not required under 15 USC 9021(a)(3)(A)(*iii*).

The ALJ determined that claimant had adequately informed the Agency of her self-employment through credible testimony. According to *Sangster*, 340 Mich App at 67, the submitted log and letters contained sufficient information to substantiate employment or self-employment, including the planned onset of such work, aligning with 15 USC 9021(a)(3)(A)(*iii*). The ALJ's assessment recognized that the payment log functioned as a business receipt—an approved form of evidence by the U.S. Department of Labor for self-employment verification. Furthermore, the ALJ noted that while the payment log primarily covered services rendered in 2020 and 2021, which was valid for demonstrating self-employment prior to the pandemic,[3] claimant's PUA application, filed on May 3, 2020, necessitated evidence of her self-employment from January 1, 2019, to May 3, 2020, as per Unemployment Insurance Program Letter No. 16-20, Change 4, p I-11. The testimony regarding the payment log was sufficient to substantiate claimant's self-employment claim, which included documentation covering part of 2020. Consequently, the ALJ's conclusion that the claimant was eligible for PUA benefits was well-founded and supported by substantial evidence. Const 1963, art 6, § 28; *Hodge*, 497 Mich at 193.

The UIAC did not need to address any alleged errors by the ALJ. The Agency claimed the ALJ failed to review claimant's actual documentation adequately. However, the UIAC, upon assessing the ALJ's eligibility determination, concluded that the Agency had not sufficiently justified its assertion that the documentation was inadequate, thereby upholding the ALJ's decision. 15 USC 9021(a)(3)(A)(*iii*).

Our previously cited case law mandates that circuit courts affirm ALJ and UIAC decisions that comply with the law and are substantiated by competent, material, and substantial evidence *Hodge*, 497 Mich at 193. The circuit court's ruling particularly addressed the ALJ's denial of the Agency's rehearing request. It affirmed that the ALJ acted correctly in denying that request and confirmed that the UIAC's decision to uphold the ALJ was legally consistent and supported by evidence. In evaluating the ALJ's initial determination, the circuit court noted that the ALJ had deemed claimant's testimony credible. Both the ALJ's and UIAC's decisions were grounded in substantial evidence and adhered to legal standards. *Id.* Thus, the circuit court did not err in concluding that the UIAC functioned "within the correct legal framework" while reviewing the ALJ's decision. *Lawrence*, 320 Mich App at 435.

---

[3]The log also contained records from 2019 that were not presented to the ALJ.

Affirmed.  No costs are awarded solely because claimant did not file a responsive pleading. MCR 7.219.

/s/ Colleen A. O'Brien
/s/ Kirsten Frank Kelly
/s/ Stephen L. Borrello